## IN THE MATTER OF THE ESTATE OF MARCO MILLE-NOVICH, Deceased.—No. 2—Executor, Appellant.

INTEREST ON MONEY BORROWED BY EXECUTORS NOT ALLOWED. An executor or administrator has no authority to borrow money for the use of the estate represented by him, nor will interest on money borrowed for the estate be allowed.

APPEAL from the District Court of the First Judicial District, Storey County.

This was an appeal by the executor from the same decree which was the basis of the appeal by the legatees reported in the foregoing case.

*R. S Mesick* and *Williams & Bixler*, for Executor, Appellant.

*P. O. Hundley*, for Legatees, Respondents.

Executors are not allowed to borrow money or allowed interest. (*Lucich* v. *Medin*, 3 Nev. 109; *Storer* v. *Storer*, 9 Mass. 37.)

The point of interest has been passed on by this Court, and is the law of this case. (*Lucich* v. *Medin*, 3 Nev. 109; *Phelan* v. *San Francisco*, 20 Cal. 39.)

By the Court, LEWIS, C. J.:

Marco Medin, the executor of the estate of Millenovich, appeals to this Court from that part of the decree disallowing certain items charged in his final account as interest paid on money borrowed for the estate.

In our opinion, the decree in this particular is correct. The statute no where confers upon an executor or administrator the authority to borrow money for the use of the estate represented by him. No order of Court directing him to do so was produced in this case, nor was there any showing or offer to show that the necessities of the estate required anything of the kind. Were either shown, there might be some show of right upon the side of the appellant; but in the absence of both we must conclude that the borrowing of the money was without authority, and that the estate

should not be charged with interest money so paid by him.  We do not wish to be understood as holding that even an order of Court directing an executor to borrow money for the use of the estate, without a showing that its necessities required it, will justify the payment of interest, or entitle the executor to have it allowed out of the estate if paid by him.  It is sufficient here to say that, as neither was shown in this case, the appellant has failed to show error in the particular complained of.  The decree, so far as it disallows the item of interest, is therefore affirmed.

WHITMAN, J., did not participate in the foregoing decision.