## ROLFSON *v.* CANNON ET AL.

An Administrator is not Permitted to Use the Funds of his Estate, or to borrow money upon its credit, for the purpose of making improvements upon the real estate of the deceased coming to his hands in the course of administration, and if he does so, the estate is not chargeable therewith.

Appeal from the third district. Rolfson advanced moneys to Sarah and Thomas F. Heath, administrators of the estate of Thomas Heath, deceased, to pay debts contracted by the administrators in the construction by them of a house upon real estate of the deceased coming to their hands in the course of administration. The defendants were appointed administrators in place of Sarah and Thomas F. Heath, removed, and Rolfson presented his account to the defendants for allowance against the estate, but the allowance thereof was refused. Rolfson then petitioned the probate court of Salt Lake county for an order allowing the account, and upon hearing, that court directed the defendants to pay the account out of funds of the estate; the defendants appealed to the district court, where, after findings by a referee, a judgment was entered for costs for the defendants; from this judgment the plaintiff appeals.

. No question was raised in the supreme court as to the practice pursued in this case.

*S. H. Lewis*, for the appellant.

In accordance with agreement between counsel, the only issue before this court is error as regards the said conclusions of law from said facts, and the judgment in conformity thereto.

We will first submit a well-settled principle of law, to wit: "The rule applicable to executors and administrators is the same which governs the duty of all trustees:" 3 Redfield on Wills, 406; Hill on Trustees, 49; *McGraw* v. *McGlynn,* 26 Cal. 430; *Meeks* v. *Vassault,* 3 Saw. 213, 214; 2 How. 208; 12 Wend. 543; 10 Vt. 192.

This issue is not a civil action within the meaning of the practice act, but merely a claim against said estate properly filed in said matter at the proper time; the probate court having exclusive jurisdiction of all matters pertaining to said estate: *Estate of Scott,* 15 Cal. 220; *Deck's Estate* v. *Gherke,* 6 Id. 668; *Gurnee* v. *Maloney,* 38 Id. 85; Myrick's Prob. Rep. 163; *McGraw* v. *McGlynn,* 26 Cal. 431; *Arguisola* v. *Arnoz,* 51 Id. 439; Comp. Laws, sec. 826.

Administrators advancing money for the benefit of the estate, though not having power to do so, are not only allowed the money so advanced, but interest thereon: Redfield on Wills, 405, and cases cited; Id. 536.

A trustee who has no power of sale may sell and sale be valid, if money went to the trust fund: 3 Redfield on Wills, 621.

The administrators, not being prohibited by law to borrow money for the use of the estate, in so doing did not act unlawfully or illegally, the act being simply *ultra vires.* Hence, from the facts, there is neither reason nor law why petitioner should not recover his money, which is clearly shown to have been used for and which benefited the estate: Green's Brice's Ultra Vires, 2d ed., 219, 724, 729, and cases cited; 3 Redfield on Wills, 536, and note; 26 Cal. 64; 38 Id. 85; 49 Vt. 157; 21 N. Y. 183; Myrick's Prob. Rep. 163; 53 Barb. 88; 5 Nev. 161; 27 Miss. 119; 12 Tex. 88.

*J. S. Boreman,* for the respondents.

It is not the duty nor privilege of administrators to act to benefit the estate or the heirs, but to preserve and manage the estate: Comp. Laws, secs. 839, 915, 932; *Estate of E. Knight,* 12 Cal. 208; 26 Id. 59, 430; 39 Id. 188.

The borrowing of the money by the administrator was wholly unauthorized, unnecessary, and illegal: 2 Williams on Executors, 1607, 1608; *Estate of Millinovich,* 5 Nev. 189;

*Lucich* v. *Medin,* 3 Id. 109, 115; *Merchants' Nat. Bank* v. *Weeks,* 53 Vt. 115.

The building of the dwelling was unnecessary, wrongful, and unlawful: *Hopper* v. *Adee,* 3 Duer, 235; *Wykoff* v. *Wykoff,* 3 Watts & S. 481; *Bellinger* v. *Shaffer,* 2 Sandf. Ch. 297; Perry on Trusts, secs. 526, 606.

The transactions having been with the administrator, and not with the intestate, the liability can not fall upon the estate, but upon the individual with whom the contracts were made: Addison on Contracts, sec. 166; *Pearce* v. *Smith,* 2 Brev. 360; *Grier* v. *Huston,* 8 Serg. & R. 402; *Findley* v. *Wilson,* 3 Litt. 390; *Smarss* v. *McMasters,* 35 Mo. 350; *Dwinell* v. *Henriquez,* 1 Cal. 392, 393; *Gurnee* v. *Malony,* 38 Id. 87, 88; *Demott* v. *Field,* 7 Cow. 58; *Ferrin* v. *Myrick,* 41 N. Y. 318, 319; *Austin* v. *Monroe,* 47 Id. 364, 366; *Jones* v. *Moore,* 5 Binn. 573.

No provision is made for the allowance of such alleged claims. The statute provides for allowing the administrator for " necessary expenses in the care, management, and settlement of the estate : " Comp. Laws, sec. 932.

TWISS, J. :

Upon the death of the intestate, the lot of land upon which this house was built descended to his heirs, subject to the payment of the debts of the deceased—to the control of the probate court, and possession of the administrator for the purposes of administration: Comp. Laws, sec. 701.

It is the duty of an administrator to administer the estate —to take care of and preserve it, to collect all moneys due to it, to pay all of its indebtedness, and render his accounts, and to dispose of the balance, if any, in his hands as required by. law; having done this, the estate is administered, and he is entitled to his discharge; and the heirs are entitled, in due form of law, to their respective portions of the estate.

The administrators were not authorized to erect a dwelling-house with the funds or assets of the estate, to be occupied by one of them, or for any other use or purpose; neither could they involve the estate by borrowing money with which to pay for material for and labor performed in the construction of such house. They did not have authority to

charge the estate with the repayment of the money by them borrowed for this purpose.

The borrowing of this money was not a contract between Thomas F. Heath, as administrator, and the appellant, although it may have been a contract between him individually and the appellant: *Tompkins' Adm'r etc. v. Weeks et al.*, 26 Cal. 51; *Estate of Millinovich*, 5 Nev. 189; *Austin et al. v. Munro et al., as executors, etc.*, 47 N. Y. 360.

The facts that the estate of the deceased was improved and the value of it enhanced by the erection of the house, and that the money was borrowed for the purpose of in part paying for material and labor necessary for the construction of the same, do not make the estate liable for the debt thus contracted; an administrator is not permitted to use the funds of his estate, or to borrow money upon its credit or liability for such speculative purpose: *Merchants' National Bank v. Weeks' Adm'r*, 53 Vt. 115; *Tompkins v. Weeks*, 26 Cal. 51, 60.

The judgment of the district court is affirmed.

Hunter, C. J., and Emerson, J., concurred.