MERCHANTS' NATIONAL BANK OF ST. JOHNSBURY *v.* HIRAM WEEKS, ADMR. OF N. WEEKS' ESTATE.

[IN CHANCERY.]

*Administrator's Note. Demurrer. Heirs Necessary Parties. Ignorance of Law. Probate Court.*

1. An administrator has no legal power, or right, to *borrow money*, and *pledge the property of the estate in payment.**

2. A bill, brought against an administrator, not joining the heirs, or any one interested in the estate, alleging that the orator loaned money to the defendant, as administrator, and took his note therefor; that the defendant has assets in his hands belonging to the estate sufficient to pay the same; that he is personally poor, and in bankruptcy; and praying for a writ of sequestration, to sequester the goods of the estate, was held bad on demurrer; in that it presented no equity; and in that the heirs, or creditors, were not made parties.

3. And the result is the same, although the orator "supposed" at the time the note was given, that the estate was held to pay it.

4. If an administrator borrows money, he is personally liable; but whether it is to be repaid from the estate, is a question for the Probate Court, on the settlement of his account.

5. *Field et al. v. Wilber et al.,* 49 Vt. 157, where is discussed the question, to what extent trust property is held for improvements made by third persons, distinguished.

THIS cause was heard at the December Term, 1878, Caledonia County, on demurrer to the bill. Ross, Chancellor, *pro forma,* sustained the demurrer, and dismissed the bill. The bill is sufficiently stated in the opinion of the court, except it was alleged that the money, so loaned to the administrator, was used by him for the benefit of the estate, and the heirs; and prayed for a writ of sequestration to sequester the property of the estate.

*A. M. Dickey & Son,* for the orator.

If there *is* a want of proper parties, the demurrer is defective in not pointing out who should be joined. *Deos* v. *Banchard,* 10 Page C. R. 445; *Moore* v. *Armstrong,* 9 Porter, 697; Hughes Equity Draughtsman, 622, n. Equity can grant relief prayed for in the bill.

* Whether an administrator can *mortgage*, to raise funds to pay off an existing mortgage, *to save a foreclosure of the title,* when he has *no other means* of doing it, see Ch. J. REDFIELD'S Work on Wills, Part 2, 213.—REP.

I am aware that the Court of Probate is the proper tribunal for the settlement of estates of deceased persons, made so by statute, and that a Court of Chancery will not ordinarily interfere in the administration of estates, and then only in aid of the Court of Probate, and for the accomplishment of some special end, not readily attainable in the Court of Probate, but in such cases, equity will interfere for the purpose. 1 Story Eq. Jur. s. 543, a.

This is just that case ; for the Probate Court have not the power to compel the payment of this debt to the orator. If the administrator should pay it, and charge it in his account, the Probate Court might allow it to him, but the said court have no power to compel such payment, and the administrator refuses to pay it, and the orator has no right to appeal to the Probate, and if he had, the court has no power to allow such a claim. *Dickey v. Corless*, 41 Vt. 127.

In courts of equity the assets in the hands of the administrator are treated as a debt or as a trust fund to be administered by the administrator for the benefit of all persons who are interested in it. *Farr* v. *Neamham*, 4 T. R. 623 and n., 625 and n.

Where an administrator contracts a debt in the administration of an estate, and for the benefit of the estate, and the estate is solvent, and the administrator is insolvent, then a court of equity will decree that the debt shall be paid out of the assets in the hands of the administrator. *Owen* v. *Delaware L. R.*, 15 Eq. 134-3 ; Redfield Wills, 315, s. 5.

The trust estate is held for improvements. *Field et al.* v. *Wilber et al.*, 49 Vt. 157 ; *Noyes* v. *Blackeman*, 6 N. Y. 569.

*Belden & Ide*, for the defendant.

All parties interested in the estate must be before the court. Daniels Chan. Pr. 1, 246, *et seq.* The administrator is not a proper representative of the heirs. Daniels' Chan. 1, 262–282.

Nor is it any valid objection to the demurrer that it does not specifically name the parties who should be, but are not, joined as defendants. The demurrer is drawn from the form given in Daniels Chan. Pr. vol. 3, 2,089, and is sufficient in form. Besides, the objection for want of proper parties may be made under a gen-

eral demurrer for want of equity. Daniels Chan. Pr. vol. 1, 558, n. 7; Story Eq. Pl. s. 543, n. 1.

Or if the demurrer is overruled for want of specifying the particular party omitted, the defendant is still left open to demurrer, *ore tenus*, at the hearing, for the same cause. *Pratt* v. *Keith*, 10 Jur. N. S. 305; Story Eq. Pl. s. 525 b.

The bill shows no ground in equity for the relief sought. The law is settled that in all cases of promises express or implied, made to or by an executor or administrator, after the death of the testator or intestate, the action must be brought by or against the executors or administrator *individually*. *Luscomb* v. *Ballard*, *Exr.* 5 Gray, 405; 8 Mass. 198–9; 44 Vt. 533; *Devane* v. *Royal*, 7 Jones (N. C.), 426; 26 N. H. 90; *Robards* v. *Jackson*, 27 Tex. 366; 3 M. & W. 350; *Beeson* v. *McNabb*, 2 Penn. 424; 20 Me. 21; *Foster* v. *Fuller*, 6 Mass. 58.

" An action against a person *as executor*, for an act done on a contract made by him after the death of his testator, cannot be sustained." *Robards* v. *Jackson*, 27 Tex. 366.

" The debt is the administrator's, and he must pay it, and if the disbursement be a proper one, he will be allowed a credit for it in the settlement of his account with the estate." *Beatty* v. *Cingles*, 8 Jones L. R. (N. C.) 302; See Williams on Exrs. 6 Am. Ed. 1776; 36 Vt. 639; 23 Vt. 475; 8 Ves. 4–9; 1 Hare 571–7; Hill on Trustees, Am. Ed. 567.

The opinion of the court was delivered by

REDFIELD, J. This case was heard on demurrer to the orator's bill. The bill avers, in substance, that the orator loaned money to the defendant, as administrator of Nehemiah Weeks' estate, and took his note for the loan; that defendant has assets in his hands belonging to the estate of Nehemiah Weeks sufficient to pay this debt; that defendant is personally poor, and in bankruptcy. Hiram Weeks, Admr., is the sole party.

I. There is no one interested, as heir, creditor, or otherwise, in the assets of this estate made parties; or in position to protect the assets of the estate from being perverted, and misappropriated

by the administrator. The administrator is bound to take the possession, and care of property of the intestate, and appropriate the same under the direction of the Probate Court. He has no legal power or right to *borrow* money, and pledge the property of the estate in payment; and not having the power to bind the property of the estate, he binds himself. The bill, then, in its aim, and purpose, seeks to obtain a decree, appropriating the assets, belonging to the heirs of the intestate to pay the private and personal debts of the administrator. This is not a proceeding, in due course of law, to distribute a portion of the estate to a person on whom right or title is cast by law. There is no party defendant, that represents the heirs; or has an interest to protect the estate, or resist its sequestration. If there were equity in the bill, the court would not proceed to a final decree, unless the parties in interest were before the court. But we think there is no sound equitable ground for relief. If the orator " supposed " that the administrator had the legal right to borrow money and pledge the assets of the estate for its payment, he was mistaken in the *law*, and it was his misfortune, and not a ground for relief. It is said that the money borrowed was used by the defendant for the benefit of the estate. If the administrator pays money in properly, caring for the property of his trust, whether the money is borrowed, or comes from his own pocket, it is the proper province of the Probate Court to reimburse the administrator, by crediting such disbursements in his administration account; and the sureties in his official bond have an equity, superior to any creditor of the administrator to diminish, or prevent, their liability for a *devastavit* of the estate. And we think the Probate Court possesses every equitable power that could, properly, be exercised by this court; and this court will never interfere with matters appropriately belonging to probate jurisdiction, except in aid of that court.

In *Luscomb* v. *Ballard*, 5 Gray, 405, the court say: " The law is, that by a promise, the consideration of which arises after the death of the intestate, the estate cannot be charged, but that the administrator is personally liable in his contract. And whether the amount is to be repaid, from the estate, is a question for the Court of Probate in the settlement of his account." See also

*Sumner, Admr.* v. *Williams*, 8 Mass. 162; *Taylor* v. *Mygatt*, 26 Conn. 184. In *Freeman* v. *Holt*, the Supreme Court of this State held the same doctrine, Windsor County, 1879. The case of *Field et al.* v. *Wilbur et al.*, 49 Vt. 157, relied upon by the orator, has not much analogy to this case. The defendant Wilbur, in that case, residing in Georgia, held in trust a small farm in this State. He employed orators to build a barn on this farm. The bill was brought to charge the property with the cost of building the barn. The court, Ross, J., say: "Usually third persons, making such improvements at the request of the trustee, are confined to their personal surety against the trustee. There are exceptions to this rule. When the trustee resides abroad, as in this case, and has no property that the orators can reach, and when the trust property has been enhanced in value, and made more productive, by the expenditure and labor of orators thereon, we think the orators have the right to have their improvements on the property made a charge on the property and its income." And the court decreed that the *trust* property be charged, not for the cost of the barn, but "only for such sum as the trust property has been enhanced in value by the erection of the barn." The Court of Equity had the sole jurisdiction in that case. In this case the estate is in due course of settlement and distribution in the Probate Court, which has special and exclusive jurisdiction, by law. The decree of the Court of Chancery is affirmed, and cause remanded.