O'KELLY, administrator, *v.* McGINNIS.

FISH, C. J. 1. In the absence of any authority conferred by the will, an executor has no power, by virtue of his appointment as such, to borrow money and bind the estate by a note given therefor. 8 Cyc. 251, 252.

2. This is true although the money be borrowed for the benefit of the estate. Thompson *v.* Mann, 65 W. Va. 648 (64 S. E. 920, 22 L. R. A. (N. S.) 1094, 131 Am. St. R. 987).

3. If legatees of an estate agreed that the executors might renew or pay a certain note of the testator, which had become barred in his lifetime, and the executors gave to such creditor a note in renewal (assuming it to have been in accordance with the agreement), this exhausted their authority under the agreement, and they had no further power by virtue thereof to borrow money from another to pay such renewal note.

4. In the present case the action was brought by the person who claimed to have lent money to the executors to pay the renewal note, which money was so used, and was based on the note given by the executors to such lender, to whom also a life-estate was devised by the will. A prayer was added that a sufficiency of the real estate be sold to pay the judgment to be obtained upon the note, and for general relief. By amendment it was alleged in general terms that the money was borrowed from the plaintiff and the notes paid by consent and request of all the legatees, "they desiring that the money be borrowed and that said notes be [paid] in order to keep the land from being sold, which was to the interest of all the heirs of said estate." The legatees, other than the plaintiff, were not parties; but the administrator who succeeded the executors was the only defendant. *Held:* If, with proper parties and allegations, equitable relief can be had, this case was not of that character. Merchants National Bank *v.* Weeks, 53 Vt. 115 (38 Am. R. 661):

(*a*) There is no allegation that the debts had been paid, nor whether the estate was solvent; nor does it appear how any agreement of legatees, though it might be binding or work an estoppel as against them if set up with proper pleadings and parties, could bind creditors, if any exist, or authorize a recovery against the administrator de bonis non, with a judgment de bonis testatoris, in a suit of the character of the present one.

(*b*) The petition was subject to general demurrer.

*Judgment reversed. All the Justices concur.*

FEBRUARY 21, 1914.

Complaint. Before Judge Meadow. Madison superior court. September 3, 1912.

*W. W. Stark* and *Berry T. Moseley,* for plaintiff in error.
*J. F. L. Bond,* contra.