### PUTNEY *v.* BRYAN, administrator.

ATKINSON, J. 1. An administrator, by virtue of his appointment as such, has no legal right to borrow money and bind the estate by a note and mortgage given therefor, although the money was borrowed for the benefit of the estate. *O'Kelly* v. *McGinnis,* 141 *Ga.* 379 (81 S. E. 197).

(*a*) Nor will the fact that the money may have been used for the benefit of an insolvent estate to pay debts give the lender an equitable lien on the mortgaged property or other assets of the estate.

2. Where money is borrowed and used by an administrator of an insolvent estate, as mentioned in the preceding note, the lender, having advanced it to him voluntarily and without being forced to do so in order to protect any right of his in the property, will not become subrogated to the rights of creditors whose debts have been paid. *Wilkins* v. *Gibson,* 113 *Ga.* 31 (38 S. E. 374, 84 Am. St. R. 204) ; *Ragan* v. *Standard Scale Co.,* 128 *Ga.* 544 (58 S. E. 31).

3. There was no error in dismissing the petition on demurrer.

*Judgment affirmed. All the Justices concur.*
JULY 16, 1914.

Equitable petition. Before Judge Thomas. Colquitt superior court. July 21, 1913.

*Pope & Bennet* and *A. G. Powell,* for plaintiff.

*Bryan & Bryan,* for defendant.

---

### ETHERIDGE *v.* HORNE *et al.*

EVANS, P. J. The charge of the court fairly and correctly covered the issues. The evidence, though conflicting, was ample to sustain the verdict, and no reason appears for the grant of a new trial.

*Judgment affirmed. All the Justices concur.*
JULY 16, 1914.

Equitable petition. Before Judge Graham. Pulaski superior court. June 28, 1913.

*Howard E. Coates* and *Hall & Roberts,* for plaintiff.

*W. L. & Warren Grice* and *D. R. Pearce,* for defendants.