## CURLEW *et al.* v. JONES.

1. Where a woman having a living husband married another man, the second marriage was void. Upon the decease of this man no title to his property passed to her; and a deed by her purporting to convey the property of the decedent was without effect, and her grantee took no title under the instrument as against the heirs of the decedent..
2. The decedent referred to being a bastard, his brother and sister by the same mother, who were also bastards, inherited his property. Civil Code, § 3029.
3. Applying these principles to the facts of the case, a verdict in favor of the plaintiffs for the premises in dispute was demanded.

JANUARY 11, 1917.

Ejectment. Before Judge Ellis. Fulton superior court. December 21, 1915.

Major Curlew and Jane Moore brought ejectment against Maria Jones. Plaintiffs and defendant claimed title through one Jack Curlew. Jack, Charlie, Major, and Jane (the last two named being plaintiffs in this case) were sister and brothers of the same mother. Jack Curlew, from whom plaintiffs seek to derive title by inheritance, intermarried in 1901 with Kate Fambro, or Kate Campbell. Kate Fambro (or Campbell) in 1891 was married to Grant Campbell. She and Grant Campbell separated. There was no evidence of divorce or of any proceeding for divorce, and Grant Campbell testified that there never was a divorce. After the separation of Grant Campbell and Kate Campbell, the latter was formally married to Jack Curlew. Afterward Jack Curlew died, and an administrator on his estate was appointed. The administrator filed a petition in the court of ordinary, reciting that Kate Curlew, the wife of Jack Curlew, had paid off all the debts of the estate; that he had advertised as required by law, and no other debts had been presented; that he had found Kate Curlew in possession of the land through her accredited agents; that the money for the expense of the administration had been paid by Kate Curlew; and he prayed, first, that the petition be treated as a final return, and

that he as administrator be directed to execute and deliver to Kate Curlew an administrator's deed to the lands belonging to the estate of Jack Curlew, deceased, which includes the land sued for, and that letters of dismission be granted to him. Upon this petition citation was issued and published, and, no objection having been filed, the prayers of the petition were granted, and it was ordered that the administrator execute to Kate Curlew quitclaim deeds to the property, reciting this judgment as authority therefor, and that letters of dismission issue to petitioner. The administrator executed his deed to Kate Curlew under the provisions of the foregoing judgment, and she afterwards executed her deed to the defendant. The court directed a verdict in favor of the plaintiffs for an undivided two-thirds interest in the premises sued for, and submitted to the jury the amount of the mesne profits, which the jury found to be $55. The defendant moved for a new trial, which was granted.

*Williford & Lambert* and *Little, Powell, Smith & Goldstein,* for plaintiffs. *Holbrook & Corbett,* for defendant.

BECK, J. (After stating the foregoing facts.) The uncontradicted evidence in the case shows that Kate Curlew, or Kate Campbell, at the time the ceremony of marriage was performed between herself and Jack Curlew, was a married woman, having a living husband, Grant Campbell. That being true, her marriage to Jack Curlew was void, and the ceremony of marriage did not make her his wife. Upon his death she inherited nothing from him and took no title to his real estate, and her deed to the defendant in this case conveyed no title as against the plaintiffs, who were the brother and sister of Jack Curlew by the same mother. Jack Curlew left besides the plaintiffs another brother, who was also a bastard brother by the same mother. Consequently the plaintiffs inherited two thirds of the land belonging to the decedent; and the court properly directed a verdict awarding a two-thirds interest in the land to these plaintiffs, as no circumstances of estoppel were shown which prevented their contesting the validity of the claims of the defendant derived through Kate Curlew or Campbell.

It is unnecessary to decide whether the verdict for the amount of mesne profits awarded by the jury was demanded under the evidence; for the plaintiffs offered to write off the amount of mesne profits. Consequently the judgment of the court below, setting

aside the verdict in favor of the plaintiffs and granting a new trial is reversed upon condition that the plaintiffs write off from the verdict the amount of mesne profits recovered, within twenty days after the remittitur from this court is made the judgment of the court below. If the plaintiffs fail to .comply with this condition, the judgment granting a new trial will stand affirmed.

*Judgment reversed, upon condition. All the Justices concur.*