## LUTES et al. v. WARREN.

Subrogation arises only in those cases where the party claiming it advances the money to pay a debt which, in the event of default by the debtor, he would be bound to pay, or where he has some interest to protect, or where he advances money under an agreement express or implied, made either with the debtor or creditor, that he shall be subrogated to the rights and remedies of the creditor. The allegations of the petition present no case for the application of the doctrine of conventional or equitable subrogation, and it should have been dismissed on demurrer.

·APRIL 10, 1917.

Equitable petition. Before Judge Fite. Gordon superior court. September 1, 1916.

J. G. B. Erwin Jr., for plaintiffs in error.

Lang & Lang, contra.

EVANS, P. J. The petition of J. S. Warren against W. L. Lutes, his wife, Mrs. Lizzie Lutes, and the Murray Company, alleged as follows: Lutes and his wife purchased a ginnery from the Murray Company, and located it upon a described lot of land, the Murray Company retaining a lien for the purchase-money. Thereafter Lutes represented to the plaintiff that he had a contract with the Murray Company, whereby that corporation would take lumber shipped to it at ten dollars per thousand feet, and that if plaintiff would deliver two car-loads of lumber to him he would ship it to the Murray Company, which would retain $50 as a credit on its debt and remit the balance to Lutes, who would pay such balance to the plaintiff. The plaintiff delivered two car-loads of lumber, aggregating 18,700 feet, to Lutes, who shipped the same to the Murray Company. The Murray Company received the lumber and credited the entire proceeds on the notes of Mr. and Mrs. Lutes, held by that company. Lutes paid the plaintiff $35. Lutes is insolvent. The plaintiff in equity is subrogated to the rights of the Murray Company under the lien against the property to the extent that the proceeds of his property reduced the purchase-money debt. He prays for judgment for that sum; that the court decree that he has a lien on the ginning outfit which shall be a purchase-money lien; for discovery against the Murray Company as to the application of the proceeds of the lumber; and for general relief and process. The defendants filed separate demurrers, and by answer denied the

41

essential allegations of the petition. The court overruled the demurrers, and on conclusion of the evidence directed a verdict for the plaintiff. Lutes and his wife bring error.

We are at quite a loss to see how the doctrine of equitable subrogation can apply in this case. Neither the Murray Company nor Mrs. Lutes was a party to the transaction between the plaintiff and Lutes, nor has the plaintiff paid up the lien of the Murray Company. The plaintiff is not pursuing Lutes for deceiving him, and is not seeking a judgment against him on that score. On the contrary he is making no objection to the application by the Murray Company of the proceeds of the lumber to the debt of Lutes and wife. Subrogation may be conventional or equitable, and arises "only in those cases where the party claiming it advanced the money to pay a debt which, in the event of default by the debtor, he would be bound to pay, or where he had some interest to protect, or where he advanced money under an agreement express or implied, made either with the debtor or creditor, that he would be subrogated to the rights and remedies of the creditor." *Wilkins v. Gibson,* 113 *Ga.* 31, 47 (38 S. E. 374, 84 Am. St. R. 204). Under this enunciation of the doctrine, clearly the plaintiff made out no case for subrogation, and his petition should have been dismissed on demurrer. This ruling disposes of the other questions made in the record.

*Judgment reversed. All the Justices concur.*