## SHEHANE *v.* EBERHART *et al.*

1. Where the only ground of a proceeding by a landlord to dispossess a tenant is that the tenant is holding over beyond his term, the tenant cannot set up, by way of recoupment or counter-claim, damages which he alleges he has sustained by reason of the failure of the landlord to repair the premises. If the tenant is in fact holding over and beyond his term, the state of accounts between the landlord and the tenant, growing out of the tenancy at the time the warrant is issued, is entirely foreign to the issue raised by the dispossessory proceeding, which alleges that the landlord is entitled to retake possession of the property because the tenant's right to possession has terminated by the expiration of the time to which the contract (and the possession of the tenants) was limited.

2. Since the lower court erred in overruling the demurrer interposed by the plaintiff to the defendants' plea, all further proceedings during the trial were nugatory, and it is unnecessary to consider any further assignments of error presented by the bill of exceptions.

3. For the reason stated in the first headnote the judgment of the Court of Appeals was error and must be reversed.

No. 3825.    SEPTEMBER 20, 1924.    REHEARING DENIED OCTOBER 2, 1924.

Certiorari; from Court of Appeals.    30 *Ga. App.* 265.

On July 1, 1920, Howell C. Erwin, as attorney at law for Mrs. Frances Smith Shehane, procured a dispossessory warrant to issue against W. S. Eberhart and Lamar Scott, trading as E. & S. Sporting Goods Company, as tenants of Mrs. Shehane occupying certain premises in Athens, Georgia. In his affidavit he deposed "that said tenants are holding said premises over and beyond

the term for which the same were rented to them; that said owner desires and has demanded possession of said premises, and the same has been refused by the said W. S. Eberhart and Lamar Scott, trading as E. & S. Sporting Goods Company. Deponent makes this affidavit that a warrant may issue for the removal of the said [defendants] from said premises." On July 2, 1920, Lamar Scott, one of the defendants, filed a counter-affidavit in behalf of the partnership, and, "with reference to the eviction warrant," declared "that their [defendants'] term of rent has not expired, and that they are not holding possession over and beyond their term." The defendants gave bond conditioned to pay "such sum with cost as may be recovered against them." The bond recited that affidavit had been made, pursuant to § 5385 of the Civil Code, to evict the defendants, and that the defendants had filed their counter-affidavit in terms of law. On October 17, 1920, the defendants amended their counter-affidavit by alleging that by contract and agreement they were entitled to possession of the premises in dispute until November 1, 1920; that on or about March 30, 1920, a fire occurred in the storeroom of the property rented by the defendants, and injured defendants' stock of goods, but did not consume the building or any part thereof, but injured it to the extent that it needed repairs such as could have been made without unreasonable interruption of the business being done by the defendants; that they twice notified the plaintiff to repair the premises, "and, after waiting beyond a reasonable time for plaintiff to make the repairs, they proceeded, on May 3, 1920, to make the necessary repairs, which repairs were completed in something over two weeks time, and defendants were again able to use the entire property they had rented;" that the failure of the plaintiff to discharge the duty of repairing the premises, as her agent had agreed to do, and growing out of said contract, damaged the defendants in the sum of $5500, this amount being made up of items as follows: the expenses incurred in repairing the premises; the time the defendants were out of the use of the storeroom, this being two months, whereas if the plaintiff had made repairs promptly they would not have lost more than three weeks, and thus the defendants lost a month and a quarter by breach of the duty by the plaintiff which she owed under the contract; the overhead charges defendants were forced to pay during this month and a quarter, as well as the net

profits from the business which were lost during this period. "Defendants therefore show that at the time the warrant in this case was sued out defendants were not indebted to plaintiff anything, but plaintiff was indebted to defendants for the sum of fifty-five hundred ($5500) dollars, less the rent at one hundred fifty ($150) dollars a month that has not been paid. Defendants recoup said sum of fifty-five hundred ($5500) dollars, and pray for a verdict and judgment against plaintiff for that amount, less any rent that may be due, if any." To this amendment the plaintiff specially demurred, the only ground of demurrer material to the question in this case being, "That, in a dispossessory proceeding such as this one, in which the non-payment of rent is not the basis of a dispossessory proceeding, it is not permissible to set up by way of counter claim or recoupment any alleged indebtedness or alleged damages due by the plaintiff to the defendants." The trial judge overruled this demurrer, and the plaintiff excepted pendente lite. On the trial the evidence was conflicting upon the material issues, save that it was admitted that possession of the premises was surrendered by the defendants on October 30, 1920. The jury returned a verdict in favor of the defendants in the sum of $3,234.77. The plaintiff moved for a new trial, and, upon the motion being overruled, brought the case to the Court of Appeals, where the judgment of the lower court was affirmed. The case is here on writ of certiorari to the Court of Appeals.

*Erwin, Erwin & Nix,* for plaintiff.

*Wolver M. Smith* and *John J. Strickland,* for defendants.

RUSSELL, C. J. 1. There are various assignments of error in the bill of exceptions by which the plaintiff in error, Mrs. F. S. Shehane, sought to review the verdict of the jury and the judgment against her in the superior court of Clarke County for more than $2000, which was awarded upon a plea of set-off or counter-claim interposed by the defendants in error. Mrs. Shehane, as landlord, instituted proceedings to dispossess W. S. Eberhart and Lamar Scott as tenants holding over beyond their term. The defendants answered by setting up a claim for damages alleged to have arisen and have been imposed upon their stock of goods by reason of the failure of the landlord to make necessary repairs. The judge of the superior court overruled a timely demurrer to this answer or counter-claim. The demurrer was based upon the

contention that it is entirely foreign to the only issue which is pertinent in a proceeding to remove a tenant whose time has expired. We think the trial judge erred in this ruling, and that the Court of Appeals erred in sustaining and affirming it. It is true that where there is an issue raised upon proceedings to dispossess a tenant upon the ground that he has not paid his rent, the tenant may set up by way of defense either that he does not owe the landlord anything, or that he does not owe him as much as is claimed in the proceedings, or that the landlord is indebted to him for any reason in a sum larger than the amount he owes the landlord; and in such an event the tenant would be entitled to have a judgment against the landlord for the overplus. This rests upon the reason that in such circumstances the only issue in such a proceeding is the comparative state of the accounts between the two parties. The issue is whether rent claimed to be due has been paid, and the question of possession of the premises is not in issue nor involved. It cannot be disputed in such a case that the tenant would be entitled to retain his possession if he has paid the rent due; and if he shows that he has paid it or more than paid it, necessarily the case of the landlord falls to the ground. In the present case, however, the dispossessory proceedings were not based upon that ground. The only question in issue in this case was whether or not the term of the tenancy had expired. By the dispossessory proceeding the plaintiff asserted that she was entitled to the possession of the premises, and that the defendants were no longer entitled to remain in possession, because the contract had expired and the term in regard to which the parties had contracted had terminated. An amendment which sought to bring in, under these circumstances, the state of accounts between the parties was entirely foreign to the only issue before the court—the right of possession, and one of the prime tests of the pertinency of an amendment is that it must be germane to the proceeding. Should the rule be otherwise, a tenant could hold possession of the premises indefinitely by a claim that the landlord owed him money. Certainly he could hold it beyond the time for which contracts of rental are usually made, and a tenant utterly insolvent might greatly damage a landlord who by reason of the insolvency of the tenant would be without any remedy at the conclusion of the litigation.

2, 3. It is unnecessary to consider the other numerous assignments of error in the bill of exceptions, because the error in the lower court rendered all the further proceedings in the trial nugatory. Had the demurrer to the defendants' answer been sustained, as it should have been, the trial would have been properly restricted to the only issue which could be raised in the proceeding; and for that reason the alleged errors of which complaint is made in the other assignments of error (if errors they were) cannot recur upon a further trial of this case.

In view of what we have held it follows that the judgment of the Court of Appeals affirming the judgment of the lower court was error.          *Judgment reversed.   All the Justices concur.*