LOWDEN, executor, *et al. v.* ESKEDOR.

No. 7190. JANUARY 14, 1930.

674

*McLaws, McLaws & Brennan,* for plaintiffs in error.
*Lawrence & Abrahams* and *H. Mercer Jordan,* contra.

GILBERT, J.   In the sixth item of the will, as shown by the statement preceding, the testator expressly invested his son, H. O. Lowden, as executor "with as full and ample power as I [testator] exercised when in life in all matters pertaining to my estate and business, and relieving him from making any returns to any court or giving any bond whatever." This express provision of the will authorized the executor to buy property with the funds of the estate, to hold and to sell such property as a part of the estate as the testator had power to buy and hold for himself while in life. In *Wiggs* v. *Hendricks,* 147 *Ga.* 444 (94 S. E. 556), it was said: "Ordinarily an executor has no authority to borrow money and to bind the estate, but a testator may so empower the executor. Every will is a law unto itself as to the powers of the executor, if the testator so provides."

There is another reason why the demurrer should have been sustained. Where an executor, known to be such by the buyer, sells land at a private sale, without authority, the purchaser has no grounds for rescission unless misled by fraudulent misrepresentations of the executor, especially if deeds from all the heirs are tendered to ratify and confirm the sale, even though tendered after suit for rescission is begun. *Turner* v. *Peacock*, 153 *Ga.* 870, 878 (113 S. E. 585). No fraud is here alleged. The petition alleges that "The deed of conveyance to your petitioner specifically represents the following: 'And the said party of the first part [Harry O. Lowden as executor of the will of George W. Lowden] covenants and agrees and hereby expressly states that the estate of George W. Lowden, and Harry O. Lowden as executor under the will of George W. Lowden, has good title to the said tracts or parcels of land, and full power and authority to sell the same, and that there are no judgments, mortgages, or liens of any kind or description against the estate of the said George W. Lowden, or the said property, whereby the title to the same can be in any wise changed, charged, impaired, or defeated.'" The defendant and his mother are all the heirs interested. Therefore their tender would have practically the same effect as tender by all the heirs toward ratification and confirmation. Therefore, even if the defendant had no authority to sell, the demurrer to the petition should have been sustained.

Counsel for the defendant in error, in their brief, state that in immediate connection with item 6 of the codicil is the following: "Item 7. While the information that my son, George W. Lowden Jr., is dead seems authentic, there is still a lingering hope that he may have survived and may yet return; and should he do so, it is my desire that this codicil be treated as void and of no effect, and that said original will stand as originally published." This item 7 of the codicil is not contained in the record. The bill of exceptions recites that both the will and the codicil were introduced, and that so much of the will and the codicil as is material to a clear understanding of the errors complained of is here stated; but the portions set out therein do not include item 7 of the codicil, and it is not otherwise brought up in the record. For that reason it can not be considered; but if it were properly before the court, it could not change the result in this case, because it merely purports, in the contingency named, to make void and of no effect item

6 of the codicil which provides for the child of George W. Lowden Jr. It in no wise changes or modifies the broad powers expressly invested in the executor to deal with the estate as the testator did in his lifetime. Therefore, if George W. Lowden Jr. should fortunately not have lost his life, as his father hoped, but should appear and claim his portion of the estate, that portion would not be changed by the lack of this court to consider item 7 of the codicil. He would be entitled to a portion of the estate equal to that of his brother, H. O. Lowden, the latter, as executor, having the power, so long as the estate remains unadministered, to manage it as stated above.

*Judgment reversed. All the Justices concur.*