FIELD, administrator, *v.* MANLY; *et vice versa.*

JENKINS, Justice. 1. Where an administrator filed a petition against the grantee in a security deed from the administrator, to enjoin a sale of the real estate described in the deed and to cancel the deed as a cloud on the title, and where pending the litigation the defendant grantee sold the property to persons including a brother of the trial judge, and the brother joined in a deed to a third person, containing no general

warranty but merely a special warranty "against all persons claiming through him," the brother had no such interest in the litigation as would disqualify the judge. Code, § 24-102; *Elliott* v. *Hipp*, 134 *Ga.* 844 (68 S. E. 736, 137 Am. St. R. 272, 20 Ann. Cas. 423); *Johnson* v. *Marietta & North Ga. R.*, 70 *Ga.* 712; *Patterson* v. *Collier*, 75 *Ga.* 419 (54 Am. R. 472).

2. An administrator, by virtue of his appointment as such, has no legal right to borrow money and bind the estate by a note and mortgage given therefor, although the money was borrowed for the benefit of the estate. Nor will the fact that the proceeds of the loan were used for the benefit of the estate to pay debts operate to give the lender an equitable lien on the mortgaged property or other assets of the estate. *Carter* v. *Davis*, 174 *Ga.* 824 (3), 834 (164 S. E. 264), and cit.; *Putney* v. *Bryan*, 142 *Ga.* 118 (82 S. E. 519). The rule is the same as that which obtains in the case of an executor, unless the making of such an obligation is authorized by the will. See *Walton* v. *Reid*, 148 *Ga.* 176, 178 (96 S. E. 214), and cit.; *Harris* v. *Woodard*, 133 *Ga.* 104 (2), 108 (65 S. E. 250); *O'Kelly* v. *McGinnis*, 141 *Ga.* 379 (81 S. E. 197); *Tennessee Chemical Co.* v. *Jones*, 171 *Ga.* 150, 153 (154 S. E. 791); *Lowden* v. *Eskedor*, 169 *Ga.* 672, 674 (151 S. E. 385); *Brannon* v. *Ober & Sons Co.*, 106 *Ga.* 168, 170 (32 S. E. 16); *Lovelace* v. *Smith*, 39 *Ga.* 130, 133; *Wright* v. *Morris*, 50 *Ga. App.* 196 (177 S. E. 365). Nor will the fact that an administrator, as in this case, obtained from the superior court an order authorizing such a transaction render it valid, or estop him from subsequently attacking its validity, where all the debts are not paid and the legal duties of administration are uncompleted. This would be true even though all the heirs at law join in the application to the superior court, since, while the administrator as an individual and the heirs might thus estop themselves, the administrator could not by such illegal acts and conduct estop himself as the representative of the estate with unperformed duties to creditors.

3. Under the pleadings and the undisputed evidence, as stated, the court properly overruled the general demurrer to the administrator's petition against the grantee in the security deed, for an injunction and for a cancellation of the deed; but erred in granting a nonsuit.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur, except*

Russell, C. J., who dissents from the first headnote.

Nos. 12115, 12126. January 12, 1938. Rehearing denied February 18, 1938.

*W. E. Mann* and *W. G. Mann*, for plaintiff.
*Hardin & McCamy*, for defendant.

ON MOTION FOR REHEARING.

Jenkins, Justice. In the motion for rehearing the contention is made for the first time that under the testimony of the administrator it appears that all of the debts of the estate had been paid,

and there were no remaining unperformed duties to creditors; and that consequently, since the second division of the syllabus was based upon the express assumption of there being outstanding debts, the ruling therein made that the administrator was not precluded from attacking his own security deed is necessarily erroneous. There was testimony by the plaintiff administrator that the judgment debt remained unpaid. The movant undertakes to show that other testimony by the administrator had the effect of contradicting this positive evidence on his part. Although this additional testimony is not clear, it could only go to show that the lien of the judgment creditor had been released on one particular piece of property, in consideration of the execution by the sister of the administrator of a lien in favor of the creditor on another and different piece of property. Accordingly, we are unable to say that the testimony presented in the motion renders the testimony of the administrator as to the existence of debts either ambiguous or uncertain. Furthermore, the petition itself plainly and distinctly alleged that the judgment referred to in the motion and testimony remained unpaid by the estate; and this averment of the petition was expressly admitted by the sworn answer, which admission has remained unaltered and unstricken. Under the rule of the Code and the decisions of this court thereunder, admissions made in pleadings constitute a conclusive presumption of law, unless and until altered by amendment. Even though such admissions be so altered or withdrawn, they can still be used as evidence on the trial, but, in such event, not as solemn admissions in judicio so as to estop the party making them from denying them. Code, §§ 38-402, 38-404, 38-114; *Mims* v. *Jones, 135 Ga.* 541, 544 (69 S. E. 824); *Lydia Pinkham Medicine Co.* v. *Gibbs,* 108 *Ga.* 138, 140-141 (33 S. E. 945).  *Rehearing denied.*