[Civ. No. 12213. First Dist., Div. Two. Aug. 13, 1942.]

EDNA M. RINGEL, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

Charles H. Seccombe for Petitioner.

Ralph E. Hoyt, District Attorney, J. Frank Coakley, Chief Assistant District Attorney, R. Robert Hunter, Assistant District Attorney, and J. D. Cooper, Deputy District Attorney, for Respondents.

NOURSE, P. J.—Plaintiff seeks a writ of mandate to compel the respondent to enter a final decree of divorce *nunc pro tunc* as of April 2, 1932. Though an answer was filed to the petition it raised no real issue, and, since it was submitted without proof, the cause will be treated as before us on the petition which we will treat as not controverted, as though submitted upon demurrer.

From the petition and the affidavit of petitioner filed with the application in the superior court it appears that on April

2, 1931, an interlocutory decree of divorce was duly entered in the cause entitled Clyde Ringel v. Edna M. Ringel, and then pending in the respondent court. "By mistake, negligence, and inadvertence" a final decree was not entered at the expiration of one year thereafter, or at all, but in October, 1934, the petitioner herein, believing that a final decree had theretofore been entered, married Ellis A. Jones. In April, 1942, Jones applied for an annulment of this marriage on the grounds that the final decree of divorce had not been entered prior to the second marriage. It also appears that there is no community property of the parties to the second marriage, and that the two minor children under the care and custody of the petitioner herein are the issue of the first marriage.

On May 11, 1942, the petitioner applied to the respondent for the entry of a final decree to be dated and filed *nunc pro tunc* as of the date she was entitled to have a final decree entered. Her application was denied upon grounds which have not been stated.

Her right to a final decree is statutory. Section 132 of the Civil Code. When there has been no reconciliation, and no facts occurring subsequent to the entry of the interlocutory decree showing fraud or mistake, the provisions of the section are mandatory. (9 Cal. Jur. p. 767; *Claudius* v. *Melvin*, 146 Cal. 257 [79 Pac. 879]; *Keller* v. *Keller*, 122 Cal. App. 712 [10 P. (2d) 541].)

Petitioner rests her case upon section 133 of the Civil Code as amended in 1935 and which reads in part: "Whenever either of the parties in a divorce action is, under the law, entitled to a final judgment, but by mistake, negligence or inadvertence the same has not been signed, filed or entered" the court may cause a final judgment to be entered as of the date when the same could have been given or made if applied for. The historical background of this legislation and the reasons for its enactment are considered in *Macedo* v. *Macedo*, 29 Cal. App. (2d) 387 [84 P. (2d) 552], where the court said (p. 391): "The act is both curative and remedial, and the retroactive operation of such statute should be given effect unless it disturbs some vested right or impairs the obligation of some contract. (*Baird* v. *Monroe*, 150 Cal. 560 [89 Pac. 352]; Kent's Comm. 455.)" The Macedo case is decisive of all the points raised by respondent relating to the interpretation of the statute.

It is not denied here that there are no property rights in-

volved, and there are no equitable grounds upon which the denial of the application could be founded. Upon the authority of the cases cited the prevailing party is "entitled to a final judgment" under section 133 of the code when the time has expired after entry of the interlocutory decree and no grounds have arisen in the intervening period—such as fraud, mistake, or equitable considerations—which would justify a denial of the application. The authorities uniformly hold that when such conditions arise the court should not enter a final decree, but they are all in accord that the prevailing party is entitled to the decree when none of these conditions does exist.

Let a writ issue as prayed.

Sturtevant, J., and Spence, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied October 8, 1942.