32112, 32113.   ISAF *v.* HARRISON; and *vice versa.*

DECIDED SEPTEMBER 18, 1948.   REHEARING DENIED OCTOBER 22, 1948.

*Edward F. Taylor,* for plaintiff in error.

*Martin, Martin & Snow,* contra.

FELTON, J.   In the view we take of this case, it is not necessary that the cross-bill or the amended grounds of the motion for a new trial be considered.   In any view of these questions the verdict for the plaintiff was demanded by the evidence and the judgment should be affirmed.

It is conceded that, unless under the tenant's contentions the term of rental was extended, the term had expired.   The tenant contends that $200 was paid in the nature of rent and $2 per month for extra hot water, also in the nature of rent, and that because these charges for rent were received by the landlord and not returned, the landlord was compelled to credit them to future rent and extend the term.   The landlord denied that anything in the nature of excessive rent was demanded or received, but for the purposes of this case we assume that the tenant's contentions to that extent are correct.   In *Shehane v. Eberhart,* 158 *Ga.* 743 (124 S. E. 527), it was held that, if a tenant is actually holding over, the state of accounts between the landlord and tenant, growing out of the tenancy at the time the warrant is issued, is entirely foreign to the issue raised by the dispossessory proceeding.   The case would be different if the basis of the warrant was for non-payment of rent.   *Weaver v. Roberson,* 134 *Ga.* 149 (67 S. E. 662).   The fallacy in the tenant's contention is that in his view the illegal overcharge of rent was accepted by the landlord as future rent.   This theory is wrong for two reasons. In the first place, the law forbids its being accepted as rent at all and in effect says that the landlord holds it in trust for the tenant and that it can be recovered back as money had and received, or that triple damages may be recovered on account of the overcharge.   The tenant cannot say in one breath that he is entitled to have the money back because the law says it is not rent, and at the same time say that it is for rent and should be applied to the future payment of rent.   In the second place, there is nothing in the record to intimate that the overcharge was accepted to apply on future rent.   Moreover, in this case the tenant paid the

fixed legal rent in advance, by the month. Under this practice his term of rental never would expire, as the term would always be extended by the indebtedness of the landlord to him for excess rent. The only way the tenant could take advantage of the excess payment, so far as offset against the landlord, would be to apply the excess to past-due rent, and not to seek to extend a term in a way which the contracting parties never expressly or impliedly agreed to do, and in a way which the law does not recognize. It does not provide that an excess payment extends the term. The indebtedness for the excess rent is just like any other debt the landlord might owe the tenant. It could be applied to past-due rent, but could not be applied to future rent to extend the term of rental in the absence of contract or legal provision.

The evidence demanded the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed on the main bill. Cross-bill dismissed. Sutton, C. J., and Parker, J., concur.*