BICKERSTAFF *v.* ELLIS, administrator.

No. 16490.   FEBRUARY 15, 1949.

Smith, Kilpatrick, Cody, Rogers & McClatchey, and Hoke Smith, for plaintiff.

George P. Whitman, for defendant.

CANDLER, Justice. (After stating the foregoing facts.) The controlling question in this case is whether or not the plaintiff's petition shows a right in her to have a judgment against the defendant for the balance due on a loan claimed to have been made by her to a former representative of the estate. Unless it does, it will be unnecessary to decide any other question raised by the demurrers. It has long since become a well-established rule in this State that an executor can not borrow money for any purpose and bind the estate he represents to repay it unless there is authority in the will for him to do so. O'Kelly v. McGinnis, 141 Ga. 379 (1) (81 S. E. 197); Putney v. Bryan, 142 Ga. 118 (82 S. E. 519); 8 Cyc. 251, 252. In the present case the plaintiff contends that the above rule is not applicable for two reasons, namely: (1) because the executor by consent of all the legatees, one of whom is the plaintiff, was authorized to borrow a necessary amount for the purpose of discharging a tax claim in favor of the United States against the decedent's estate; and (2) because the amount sued for represents a balance due the plaintiff on an advancement made by her to a prior legal representative of the estate to be used for the purpose of paying a tax due the United States, and since it was necessary for the plaintiff to make the advancement to protect her interest as a legatee she is subrogated to the rights of the United States as a creditor, and therefore has a claim upon the assets of the estate prior to that of any other creditor. We will dispose of these two contentions in the order of their statement.

■ There is no merit in the first contention. The lender, as one of the legatees, and the present representative of the estate are the only parties to the cause. The petition affirmatively shows that there are other creditors of the estate, and it does not appear how any consent given by the legatees for a former representative to borrow money, though it might be binding or work an estoppel as against them if set up with proper pleadings and parties, could bind creditors of the estate or authorize a recovery against the present representative in a suit having the character of the present one. O'Kelly v. McGinnis, supra. The creditors,

as well as legatees, have a right to have the estate legally administered by the executor. Upon this theory of the plaintiff's case, the petition fails to state a cause of action.

Assuming that the allegations of the petition are sufficient to show that the plaintiff became subrogated to the rights of the United States respecting its claim for estate taxes, it will be conceded that the subrogee, because of such, acquired no greater rights than the United States originally had, and that she was subject to the same limitations concerning the enforcement of those rights. *Harrison* v. *Citizens & Southern National Bank*, 185 *Ga.* 556 (195 S. E. 750). And, as here, where the rights of other creditors are involved, as we have previously pointed out in this opinion, the representative of an estate has no authority to enlarge upon the rights and limitations of the subrogee even by consent of the legatees. That the allegations of the petition affirmatively show that the plaintiff's right to recover the amount advanced by her is barred by Federal limitations, is one attack which the demurrer makes upon it and which was sustained by the trial judge. Since a subrogee takes the place of the creditor to whose rights he stands subrogated, it necessarily follows in the present case that, if the right of the United States to bring proceedings to collect the tax here in question, had it not been paid by the subrogee, was barred when the present suit was filed, then the subrogee's right to sue for the recovery of the amount advanced by her for that purpose is likewise barred. Concerning this the petition shows that Mr. Hurt died January 9, 1926. For the purpose of determining the amount of estate tax due the United States, the executor of his estate was required to file a verified return showing, among other things, the assets of the estate within fifteen months after his death. U. S. C. A., Title 26, § 821-b. Construing the petition most strongly against the pleader, as we must do, it will be presumed in the present case that the executor obeyed this mandate of the law and performed his duty (*Clements* v. *Hollingsworth*, 202 *Ga.* 684, 44 S. E. 2d, 381) ; and this presumption is strengthened by an allegation in the petition that the $2000 advanced by the plaintiff was the amount of estate tax due the United States by the decedent's estate. With certain exceptions not material here,

738

the United States had five years from the date the executor's return was filed in which to bring proceedings for the collection of this tax. 43 U. S. Stat. at Large 310, § 310 (a). Unquestionably the allegations of the petition show that the right of the United States to bring proceedings for the collection of the tax in question would have been barred, had it retained its claim for the same until the present suit was brought on May 27, 1948, and the same rule of limitation, being applicable to the plaintiff as a subrogee of the United States, likewise bars her right to maintain the present action.

For the reasons above stated, the plaintiff's right to bring the present suit was barred by limitations, and such being true, the judgment complained of is not erroneous.

*Judgment affirmed. All the Justices concur.*