GRAVES *v.* CARTER, executrix.

No. 17186. September 11, 1950. Rehearing denied October 13, 1950.

A. W. White and John W. Bolton, for plaintiff.

Dunaway, Riley & Howard, James M. Embry, Yantis C. Mitchell, and H. Fred Gober, for defendant.

DUCKWORTH, Chief Justice. ■ In all cases a marriage of the testator, subsequent to the making of, a will in which no provision is made in contemplation of such marriage, shall be a revocation of his will. Code, § 113-408; *Williams* v. *Lane,* 193 *Ga.* 306 (18 S. E. 2d, 481). An essential of a valid marriage in this State is "parties able to contract." Code, § 53-101(1). A previous undissolved marriage renders void an attempted second marriage. *Clark* v. *Cassidy,* 62 *Ga.* 407; *Curlew* v. *Jones,* 146 *Ga.* 367 (91 S. E. 115); *Pickren* v. *Pickren,* 190 *Ga.* 609 (10 S. E. 2d, 40); *Barnett* v. *Barnett,* 191 *Ga.* 501 (13 S. E. 2d, 19); *Gearllach* v. *Odom,* 200 *Ga.* 350 (37 S. E. 2d, 184). In the *Pickren* case, supra, at page 610, it is said: "The marriage ceremony entered into by the parties before the plaintiff had obtained a final decree in her divorce action against her husband by a prior marriage was an absolute nullity." The facts in the instant case show: that the testatrix executed the will in question on November 25, 1945, and attempted to enter a ceremonial marriage with the caveator on August 9, 1947; that the only petition for divorce of the caveator from his previous marriage that has ever been filed was by his spouse in a California court about April 22, 1936, and a first decree was then entered,

which recites that the parties remain married until a final decree which could not be entered until the expiration of one year, and that a marriage any time before the final decree will be illegal; that on November 8, 1947, a final decree was entered in the divorce case with the recital that it was to be "entered nunc pro tunc as of April 23, 1937." But the testatrix died August 17, 1947, hence showing that, when the final decree was granted November 8, 1947, she was not then in life. Thus a state of undisputed facts is present that, under the principles of law above announced, demands a ruling that the will was not voided by the marriage ceremony of August 9, 1947, because, at that time, the caveator was incapable of contracting marriage, and the ceremony was absolutely void.

■ But it is contended that, since the California final divorce was entered nunc pro tunc as of April 23, 1937, it had the effect, retroactively, in Georgia of validating a marriage ceremony which the Georgia law declared to be void at the time it was entered. In support of this contention the full faith and credit clause of the United States Constitution and the statute thereunder are invoked. The utmost that these Federal laws could affect courts of this State is to require full recognition of and give full effect to the terms of the judgment as relates to the matter therein. The Federal rule can not require a changed construction of our law rendering a will void because of a subsequent marriage. The marriage contemplated by this law is one by parties legally capable, at the time, to contract marriage; and to meet this requirement, such parties must, at the time, be free from any previous marriage.

The California statute was put in evidence, and it provides for making a final decree retroactively by entering it nunc pro tunc as of an earlier date. Civil Code of California (1941), § 133. And, the death of either party after entry of the first or interlocutory decree shall not impair the power of the court to enter the final decree. Civil Code of California (1941), § 132. This latter section further provides that such final decree shall not validate any marriage by either party before the final decree. However, the California courts seem to have held that section 132, declaring a marriage entered before the final decree void, to have reference only to marriages entered during

the one year, required by the statute, from the interlocutory decree until a final decree can be entered. They have also upheld the retroactive provisions of the law, but the retroactive effect can not alter vested rights arising before the entry of the final decree. Macedo *v.* Macedo, 29 Cal. App. 2d, 387 (84 Pac. 2d, 552); Ringel *v.* Superior Court of Alameda County, 54 Cal. App. 2d, 34 (128 Pac. 2d, 558). In the Macedo case, supra, it is said: "The act is both curative and remedial, and the retroactive operation of such statute should be given effect unless it disturbs some vested right or impairs the obligation of some contract. Baird *v.* Monroe, 150 Cal. 560, 89 Pac. 352; Kent's Comm. 455." Had all the existing facts occurred in California, then that court would not, according to the decisions just cited, have upheld the retroactive provisions of the law and divested another of his rights under the will by rendering it void retroactively.

This being the only attack made upon the will, the evidence demanded a verdict in favor of the propounder, and the court did not err in directing the verdict in her favor.

*Judgment affirmed. All the Justices concur.*