## GRAVES *v.* CARTER, executrix.

HAWKINS, Justice. On two previous occasions litigation between these same parties has been before this court (*Carter* v. *Graves*, 206 *Ga.* 234, 56 S. E. 2d, 917; *Graves* v. *Carter*, 207 *Ga.* 308, 61 S. E. 2d, 282), involving the question as to whether a will, executed by the person to whom the present plaintiff claims to have been married, was revoked by the ceremonial marriage entered into between the plaintiff and the testatrix subsequently to the execution of the will, the plaintiff having interposed his caveat to the application of the defendant executrix to probate such will in solemn form upon the ground that it had been thus revoked. In the case last cited, it was held that the marriage between the plaintiff and the testatrix was void, for the reasons therein pointed out; and that the will was not revoked, but was a valid will. Pending that litigation, the plaintiff had remained in possession of certain real estate owned by the testatrix at the time of her death, the plaintiff claiming it as her husband and sole heir at law. The defendant executrix, as such and as testamentary guardian for the person to whom the property was devised by the will, had instituted against the plaintiff in the Civil Court of Fulton County a dispossessory warrant to recover possession of the property. The plaintiff's present petition seeks to enjoin the prosecution of that proceeding, alleging that, during the time he had been in possession of the property claiming it as the husband and sole heir at law of the testatrix, he had paid certain monthly installments aggregating $845 on a certain loan secured by security deed upon the property, which had been executed by the testatrix during her lifetime; and alleging that the payments were made to prevent the foreclosure of the loan and under an agreement with counsel for the defendant executrix that the payments would be refunded to the plaintiff in the event he was unsuccessful in that litigation; and that he had paid certain taxes on the property, and had made certain necessary improvements thereon in order to preserve it; and seeking to consolidate the trial of the dispossessory proceeding with his equitable petition for injunction, and to recover judgment against the executrix for the sums thus expended. To this petition the defendant interposed a general demurrer, which was sustained by the trial court, and to this judgment the plaintiff excepts. *Held*:

1. This court having held in *Graves* v. *Carter*, 207 *Ga.* 308 (61 S. E. 2d, 282), that the plaintiff was not the husband, and therefore not an heir at law of the testatrix, he had no interest as such in the property here involved, and no right to retain possession thereof, and was therefore not entitled to enjoin the prosecution of the dispossessory proceeding based upon the allegation that the tenant was a tenant at sufferance, in order that he might set up his alleged counterclaim for the sums alleged to have been expended by him. Such counterclaim of the plaintiff would constitute no defense, and was foreign to the issue involved under the dispossessory warrant—which was the right to the possession of the premises in question. *Shehane* v. *Eberhart*, 158 *Ga.* 743 (124 S. E. 527); *Hamilton* v. *McCroskey*, 112 *Ga.* 651 (37 S. E. 859); *Carter* v. *Sutton*, 147 *Ga.* 496 (94 S. E. 760); *Healey Real Estate & Improvement Co.* v. *Wilson*, 74 *Ga. App.* 63, 65 (38 S. E. 2d, 747).

**6**

2. Nor can the plaintiff's petition be sustained upon the theory suggested by counsel for the plaintiff that it is an action for money had and received, because the allegations of the petition show that the defendant is not the person to whom the money was paid. "Money paid through mistake of law, with full knowledge of all the facts, can not be recovered back, unless it is made to appear that *the person to whom it was paid can not in good conscience retain it.*" (Italics ours.) *Whitehurst* v. *Mason,* 140 *Ga.* 148 (3) (78 S. E. 938).

3. The doctrine of subrogation is never applied for the benefit of a mere volunteer who pays the debt of another without any assignment or agreement for subrogation, and who is under no legal obligation to make the payment, and is not compelled to do so for the preservation of any rights or property of his own. *Cornelia Bank* v. *First National Bank of Quitman,* 170 *Ga.* 747 (4) (154 S. E. 234); *McCollum* v. *Lark,* 187 *Ga.* 292 (200 S. E. 276). Since in this case the plaintiff was under no obligation to pay the loan installments or taxes on the property here involved in the event of default by the defendant executrix, and this court having held in *Graves* v. *Carter,* 207 *Ga.* 308 (supra), that he had no interest in the property to protect, and the petition failing to allege any agreement either with the debtor or creditor that he was to be subrogated to the rights and remedies of the creditor, the petition presents no case for the application of the doctrine of either conventional or legal subrogation. *Lutes* v. *Warren,* 146 *Ga.* 641 (92 S. E. 58); *Hiers* v. *Exum,* 158 *Ga.* 19 (122 S. E. 784); *Telfair Stockton & Co.* v. *Trust Co. of Georgia,* 203 *Ga.* 802, 809 (48 S. E. 2d, 532).

4. The allegations of the petition that the payments were made by the plaintiff under an agreement with counsel for the defendant that the payments would be refunded to the plaintiff in the event he should not prevail in the pending litigation are insufficient to state a cause of action, since it is not alleged that counsel for the defendant had authority to make any such agreement; and there is no allegation that the defendant executrix had authority under the will to borrow money or to incur an indebtedness of this character in behalf of the estate. In the absence of any authority conferred by the will, an executrix has no power to borrow money and bind the estate, although the money be borrowed for the benefit of the estate. *Carter* v. *Davis,* 174 *Ga.* 824 (164 S. E. 264); *O'Kelly* v. *McGinnis,* 141 *Ga.* 379 (81 S. E. 197); *Bickerstaff* v. *Ellis,* 204 *Ga.* 734 (51 S. E. 2d, 821).

5. The trial court properly dismissed the petition on general demurrer.

*Judgment affirmed. All the Justices concur.*

No. 17407. Argued March 13, 1951—Decided April 9, 1951.

*A. W. White,* for plaintiff.

*James M. Embry, Yantis Mitchell, Dunaway, Howard & Embry,* for defendant.