A90A0512. TAYLOR et al. v. TAYLOR.
(394 SE2d 628)

McMURRAY, Presiding Judge.

On September 18, 1987, Home Federal Savings & Loan Association of Rome ("Home Federal") issued a "Jumbo Certificate" in the amount of $100,000 to Donald H. Taylor or Elizabeth Ann Taylor as joint tenants with the right of survivorship. Thereafter, on October 19, 1987, and again on December 11, 1987, Donald H. Taylor executed promissory notes, with a face value totalling $100,000, made payable to Home Federal. To secure payment of the notes, Mr. Taylor granted Home Federal a security interest in the Jumbo Certificate.

Mr. Taylor died intestate on February 23, 1988. He was survived by Elizabeth Ann Taylor, his wife, and two adult children of a former marriage, Donald Hartley Taylor, Jr., and Rhonda Lynn Taylor.

On March 22, 1988, using the proceeds of the Jumbo Certificate, Mrs. Taylor paid Home Federal a total of $102,738.02, representing the face value of the promissory notes plus interest. In turn, Home Federal assigned the promissory notes to Mrs. Taylor, writing on each one: "For value received . . . the within note is hereby transferred to Elizabeth Ann Taylor without recourse on us." These assignments were signed by an authorized representative of Home Federal.

Thereafter, Mrs. Taylor claimed that, as assignee of the promissory notes, she was entitled to collect the full value of the promissory notes from Mr. Taylor's estate. Donald Hartley Taylor, Jr., and Rhonda Lynn Taylor, disputed Mrs. Taylor's claim, arguing that Mrs. Taylor could not have used the proceeds of the Jumbo Certificate to pay the promissory notes because the certificate had been pledged by Mr. Taylor as collateral for the notes. They also argued that Mrs. Taylor could not collect the notes because she paid them as a "mere volunteer" without any assignment.

To resolve the dispute, Mrs. Taylor, plaintiff, brought this declaratory judgment action against Donald Hartley Taylor, Jr., and Rhonda Lynn Hartley, defendants, in the Superior Court of Floyd County. This appeal is from the grant of plaintiff's motion for summary judgment. *Held*:

1. The parties agree that a joint tenancy with the right of survi-

vorship was created by the certificate of deposit. It follows that immediately upon the death of Mr. Taylor, plaintiff, the surviving joint tenant, owned the entire certificate of deposit. *Spurlock v. Commercial Banking Co.*, 138 Ga. App. 892, 898 (227 SE2d 790), aff'd *Commercial Banking Co. v. Spurlock*, 238 Ga. 123 (231 SE2d 748). Inasmuch as the security interest granted to Home Federal encumbered only Mr. Taylor's interest in the certificate of deposit, plaintiff's right of survivorship was not defeated by the security interest. *Spurlock v. Commercial Banking Co.*, 138 Ga. App. 892, 899, supra. Thus, the proceeds of the certificate of deposit were vested entirely in plaintiff upon the death of her husband and she could use the proceeds in any manner she chose.

2. Relying upon *Graves v. Carter*, 208 Ga. 5, 6 (3) (64 SE2d 450), defendants contend plaintiff cannot collect the promissory notes because she was a "mere volunteer" who paid the notes "without any assignment or agreement for subrogation." This contention is devoid of merit. As noted above, the promissory notes were transferred to plaintiff by Home Federal. Accordingly, plaintiff is entitled to collect the promissory notes as Home Federal's assignee. See generally *Southern Mut. Life Ins. Assn. v. Durdin*, 132 Ga. 495 (64 SE 264).

3. The trial court did not err in granting plaintiff's motion for summary judgment.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

Decided May 22, 1990.

*Barkley & Garner, Richard E. Barnes*, for appellants.
*Roy N. Newman*, for appellee.