## M'Clelland v. Hubbard.

*A.* deposited with *B.* a note for the payment of money against *C.*, to be accounted for by *B.* to *A.* when collected. *B.* afterwards gave up this note to the sheriff to be

Nov. Term,
1830.

M'CLELLAND
v.
HUBBARD.

Tuesday,
November 30.

sold on a fee-bill against *A.*, *B.*, and *D.*, in a case in which *A.* was the principal and *B.* and *D.* were his sureties. The sheriff, accordingly, levied upon and sold the note to satisfy the fee-bill. *Held*, that *B.*, for this breach of duty, was liable to *A.* in an action on the case.

*Held*, also, that a note for the payment of money is not liable to execution.

ERROR to the *Tippecanoe* Circuit Court.

BLACKFORD, J.—Trespass on the case by *Hubbard* against *M'Clelland.* The declaration contains two counts in trover for certain writings obligatory and promissory notes. There is also a count in case against the defendant as a bailee, for a breach of duty relative to certain instruments of writing. The defendant pleaded not guilty. The evidence in the cause was as follows: The plaintiff deposited with the defendant a note, and took from him the following receipt: "Received of *Noah Hubbard* one note on *James Suit*, calling for 80 dollars, for which I will account to the said *Hubbard*, when collected. June 20th, 1828.—John *M'Clelland*, (SEAL)." The plaintiff made a demand on the defendant for this note before the commencement of the suit. The clerk of the Circuit Court issued a fee-bill against the plaintiff and his sureties, on an appeal-bond, for costs, in the case of *William Digby*, appellee, v. *Noah Hubbard*, appellant, and *Reuben Kelsey* and *John M'Clelland*, his sureties. The sheriff, by virtue of the fee-bill, demanded property of the defendant, *M'Clelland*, one of the sureties in the appeal-bond. It was proposed to the defendant to give up the note mentioned in the receipt, which he refused, but asked of the sheriff time to consult on the subject. On the same day, the defendant handed over the note to the sheriff to be executed and sold on the fee-bill. Afterwards, and before the sale, the defendant gave notice to the plaintiff of these facts. A few days before the sale of the note, the plaintiff called on the defendant, and expressed a wish that the fee-bill might be paid off. He said that he preferred that *Digby*, the plaintiff in the fee-bill, should be made liable, and that he did not wish the defendant to suffer. He said also that the fee-bill was illegal, and that he would take some of the parties into chancery. There was proof of some other conversation of the plaintiff as to his request to *Cox* to pay off the fee-bill, rather than to have any more trouble. The note was sold at sheriff's sale to *Kelsey*, the highest bidder, for 14 dollars and 50 cents, and the money was paid by the sheriff into the clerk's office.

The case upon this evidence was submitted to the Circuit Court. The judgment is in favour of the plaintiff in that Court for the sum of 80 dollars in damages, together with costs. A motion was made for a new trial by the defendant below, which motion the Court overruled.

It is unnecessary to examine whether, in this case, there was such a conversion of the note to the defendant's use, as would subject him to an action of trover. The case is clear on the count charging the defendant as a bailee. The note was not liable to execution. Bingham on Judgments, 111 (1). The note was deposited by the plaintiff with the defendant, for collection. The latter, in giving it up to the sheriff, committed a breach of his duty; and he is liable to an action on the case for his misconduct.

The motion for a new trial was correctly overruled. The judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages and costs.

*Fletcher* and *Merrill*, for the plaintiff.
*White*, for the defendant.

(1) By the writ of fieri facias, authority is given for the seizure and sale of every thing that is a chattel, belonging to the defendant, except his necessary wearing apparel. Even of two gowns one may be taken. Leases or terms for years, corn growing, and such "fructus industriales" as would go to the executor, fixtures which were erected and may be removed by the tenant, an annuity granted by the king for years, money in defendant's possession, are liable to execution under this writ; but not apples on trees, those fixtures, furnaces, &c. which belong to the heir, and may not be removed by the tenant, bank notes, money in the sheriff's hands, being the surplus of money levied under a former execution against the defendant's goods, at the suit of the same plaintiff, or damages recovered by the defendant against the sheriff in another action, or money levied under an execution at the suit of the defendant; nor goods pawned, demised for years, distrained, or taken and in custody of the sheriff, upon a former execution; nor things which cannot be sold, as deeds, writings, &c. But goods pawned may be taken upon satisfaction of the pledge, and goods demised subject to the right of the lessee. Bingh. on Judg. cited in the text.

The above is the *English* law. For our statute on the subject, vide R. C. 1831, p. 234.