No. 75.—THOMAS McGEHEE, plaintiff in error, *vs.* FRANCIS A. CHERRY *et al.* defendants.

[1.] Bonds, notes and *other choses in action*, are not liable to be seized and sold under execution, unless made so specially by Statute.

[2.] A defendant in *fi. fa.* has the right to transfer promissory notes in his possession, to other than judgment creditors, in satisfaction of their claims. A judgment at law has no lien on notes in the hands of the defendant.

Garnishment, in Morgan Superior Court, March Term, 1849.

Thomas McGehee, a judgment creditor of Francis A. Cherry, issued and had served a summons of garnishment upon Bennet

McGehee *vs.* Cherry *et al.*

Robinson, who filed his return stating, " He was employed by John Robson to follow Francis A. Cherry, for the purpose of trying to secure a debt he held against him, said Cherry, and that he had a *fi. fa.* belonging to James H. Hollingsworth & Co.; and that he was to receive as his compensation one-half of the amount that he might receive from said Cherry, who had absconded ; and that he received from the wife of said Cherry, one note against James L. Horn, for $123 70, due 10th September, 1845, one on William Horn for $30 50, due 28th October, 1845, and one on George D. Ball for $35, due 3d September, 1845, for which he gave his receipt, to be credited on the claims of John Robson and James H. Hollingsworth & Co. for whom he was acting as the agent. It was in Pike County. The said Cherry not to be found when he overtook his family. The transaction was made with his wife."

It appeared that the *fi. fa.* of plaintiff was the oldest lien against the property of Cherry.

Upon this return counsel for McGehee moved to enter judgment against the garnishee for the amount in his hands, which motion was overruled in the Court below, and this decision is alleged as error, on the following grounds, to wit:

1st. That the Court erred in deciding that plaintiff's *fi. fa.* did not bind the notes specified in the deposition of the garnishee.

2d. In holding that it was competent for the agent of the defendant to transfer his notes in payment of debts of an inferior grade, so as to defeat the judgment lien of the creditor.

FOSTER & FOSTER, represented by T. R. R. COBB, for plaintiff in error.

A. REESE, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] This bill of exceptions is based upon the idea, that a judgment lien attaches upon promissory notes, and that they are liable to be seized and sold under execution. We apprehend this to be a mistake. Bonds, notes and bank shares, until made so by Statute, and *other choses in action*, are not the subject of levy and sale by *fi. fa. Francis vs. Nosh,* 7 *Geo. II. K. B. cited in Com.*

*Dig. tit. Execution, c.* 4.    *Bing. on Judg.* 111.    *Ingalls vs. Lord,*
1 *Cowen,* 240.    *McClelland vs. Hubbard,* 2 *Blackf.* 361.    *Rhoads vs.*
*Megonigal,* 2 *Barr.* 39.

Our Garnishment Acts are all founded upon the fact that *choses*
*in action* cannot be levied on and sold by the Sheriff; and the
same principle that a *chose in action* is not the subject of levy and
judicial sale, is recognized in our Attachment Law.    When the
garnishee returns that he has in his hands, *notes,* bonds and other
evidences of debt belonging to the absent debtor, the same are
directed to be deposited with the Clerk; and after the plaintiff
shall have established his demand, these *choses in action* thus sur-
rendered, are not to be sold as other property, but turned over to
the agent or attorney of the creditor, to be collected, and the pro-
ceeds, or so much thereof as shall be needed for that purpose,
applied to the discharge of the plaintiff's debt.    *Prince,* 33.

[2.] The notes, then, which were held by the defendant, Cher-
ry, on Horn and Ball, he had a right to transfer to Robinson as
the agent of his other creditors, in payment of their demands;
and Robinson having given his receipt to the wife of Cherry for
these notes, to be thus applied, before he was summoned, no judg-
ment could go against him.

Let the judgment stand affirmed.