No. 81.—HARPER TUCKER, assignee, &c. plaintiff in error, *vs.*
FREDERICK BUTTS and SEATON G. DAY, garnishee, defendants.

[1.] An attorney at law, who has money or other effects belonging to the defendant in his hands, is subject to be garnisheed.

Garnishment, in Baldwin Superior Court, February Term,
1849. Decided by Judge MERRIWETHER.

Harper Tucker, as assignee of a judgment in favor of the Central Bank against Frederick Butts, issued a summons of garnishment, directed to Messrs. Harris & Day, practising attorneys at
law. Seaton G. Day, one of the garnishees, in his return stated,
that he had in his hands the sum of $185 09, collected by him as
the attorney at law of Frederick Butts.

Upon this return the counsel for plaintiff in *fi. fa.* moved to
enter up judgment against the garnishee; which motion the
Court refused to grant, on the ground that an attorney at law is
not subject to garnishment.

This decision of the Court is here assigned to be error.

HARRIS, for plaintiff in error.

McDONALD, represented by R. HARDEMAN, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Is an attorney at law subject to process of garnishment?
The words of the Statute, it is conceded, are sufficiently broad to
comprehend attorneys. It authorizes a summons to issue in behalf of the creditor against " *any person* who may be indebted to
the defendant, or who may have any money, effects, property,
real or personal, or any bonds, notes or other evidences of debt
whatsoever, in his, her or their hands, belonging to the defendant." *Prince*, 37.

It is insisted, however, that an attorney is exempt, because he is
an officer of the law; and it is true, that the Courts do exercise
a summary control over him, by compelling him, in furtherance
of public justice, to discharge his duties to his client and others.

In all other respects he is the mere agent of the party, and as much liable to be garnisheed as an attorney in fact, or any other person. *Coburn vs. Ansart, Trustee, 3 Mass. Rep.* 319.

It is attempted to analogize this case to that of a Sheriff, who, it is admitted, is not amenable to the garnishment process; at any rate, until after he has been guilty of some official neglect or misconduct, by which he has deprived himself of his official protection. But otherwise, the character of the two are widely different. While the Sheriff, lawfully and consistently with his duty, holds the money collected by him, it is in the custody of the law, and, therefore, protected from this sort of interference.

We cannot hesitate, therefore, to reverse this judgment; for while some inconvenience may result to the profession from holding attorneys responsible to this proceeding, a contrary doctrine would, we apprehend, be productive of much mischief.