JOHN THOMPSON, plaintiff in error, *vs.* J. B. FISCHESSER AND THOMAS J. HEARD, garnishee, defendants in error.

When a garnishee does not admit in his answer that he is *indebted* to the defendant, or that he had any effects in his hands *belonging to him*, but states the fact that a sum of money was placed in his hands to indemnify him as security on a bail bond for the defendant, without stating who placed the money in his hands, and that he had been sued by a third party who claimed the money:

*Held*, That it was not error in the Court to refuse to allow the plaintiff to enter up a judgment against the garnishee upon the statement of facts disclosed in his answer. If the plaintiff had thought proper to have done so, he could have traversed the answer of the garnishee, and have shown that the money in his hands was the property of the defendant.

Garnishment.     Before Judge ANDREWS.     Elbert Superior Court.     March Adjourned Term, 1871.

For the facts of this case, see the decision.

ROBERT TOOMBS, for plaintiff in error.

J. D. MATHEWS, for defendants.

WARNER, Chief Justice.

In this case Heard was served with a summons of garnishment, at the instance of Thompson, a creditor of Fischesser, requiring him to answer what he was indebted to Fischesser, or what effects he had in his hands belonging to him. Heard, the garnishee, answered that he had in his hands $500 in gold, which was placed in his hands to indemnify him against any loss or damage he might sustain in going the security of Fischesser in a bail case, at the instance of Thompson, against Fischesser; that before he was exonerated and relieved from his securityship he was served with the summons of garnishment, that since the service of the garnishment he had been sued by one Margaret Fischesser for the said $500 in gold, which she claims to be her property, which suit is now pend-

ing in Elbert Superior Court; that the bail process against Fischesser had been dismissed.

Upon this answer of the garnishee the plaintiff moved the Court to enter up judgment for the $500 in gold, which motion was refused, and the plaintiff excepted. The garnishee does not admit in his answer that he is *indebted* to Fischesser, or that he had any effects in his hands *belonging to him*, but states the fact that the money was placed in his hands to indemnify him as security for Fischesser on his bail bond, without stating who placed the money in his hands. In our judgment it was not error in the Court below in refusing to order a judgment to be entered against the garnishee on the statement of facts contained in his answer. If the plaintiff had thought proper to do so, he could have traversed the answer of the garnishee, and have shown that the money in his hands was *the property of Fischesser*.

Let the judgment of the Court below be affirmed.