HALLETT, SEAVER & BURBANK, plaintiffs in error, *vs.* BLAIN & HARRIS *et al.*, defendants in error.

1.  When a case from the justice court is brought by *certiorari* to the superior court, and the errors complained of are questions of law, the superior court should make a final decision thereon without sending the case back.
2.  Where the answer of the garnishee admitted the possession of notes belonging to the defendant, but did not admit that he had any of defendant's money in his possession, and the justice court awarded judgment against the defendant and the garnishee personally, the superior court should have finally decided the case by ordering the judgment against the defendant to stand, and setting aside the judgment against the garnishee personally, and ordering the notes to be brought into the superior court, and proceedings to be had thereon, as directed in section 3305 of the Code.

*Certiorari.* Garnishment. Practice in the Superior Court. Before Judge HARRIS. Glynn Superior Court. May Term, 1876.

Hallett, Seaver & Burbank brought three suits in a justice court against Blain & Harris, on promissory notes aggregating $260.00, principal. Garnishments were sued out and served on D. T. Dunn. He admitted in his answer that he had in his hands for collection two promissory notes belonging to defendants, each for $900.00, principal, but one reduced by a credit of $500.00. The defendants were in default. The justice rendered judgment against the defendants, and against the garnishee personally for principal, interest and costs, and particularly against the notes. Defendants moved to set aside the judgment. The motion was overruled, and defendants carried the cases to the superior court by *certiorari*, consolidating them in the petition.

The other facts will be found in the opinion.

SIMON HITCH, by Z. D. HARRISON, for plaintiffs in error.

GOODYEAR & HARRIS, by brief, for defendants.

JACKSON, Judge.

Dunn, the garnishee, answered that he had two notes be-

longing to defendants for collection for their creditors, on one of which five hundred dollars had been credited, each note being originally for $900.00. Whereupon the justice of the peace gave judgment against the defendants, Blain & Harris, and against Dunn, the garnishee, personally, and particularly against the two notes.

1. When this case was here before—56 *Ga.*, 525—it appearing that no issue of fact was involved which required it to be sent back to the justice court, we reversed the judgment which sent it back to be again tried in the justice court, and directed the superior court to make a final decision in that court as required by the statute. Code, §4067. But we did not direct how it should be finally decided by the superior court, as perhaps it would have been well to have done. On its return, the superior court reversed the whole judgment of the justice of the peace, the result of which, we suppose, must be to annul and vacate the entire judgment of the justice court, both against the principals and the garnishee, and in respect to the notes. To this last judgment the plaintiff excepted, and we are constrained again to reverse the judgment.

2. Certainly the judgment against the defendants, Blain & Harris, was right. They owed plaintiffs on notes on which they were sued and served, and at the regular time the court gave judgment against them as is usual in justice courts, marking or writing judgment for principal, interest and costs, opposite the notes which showed the amount. But the judgment against the garnishee was wrong. He did not answer that he owed defendants a cent, and his answer, if false, could have been traversed—45 *Ga.*, 369. He did answer that he had two notes of theirs for collection, and the justice of the peace should have ordered those notes delivered up, and have proceeded with them as provided in section 3305 of the Code, but he had no right to enter judgment against the garnishee, or the notes, in the way he did. When the case came to the superior court, therefore, that court, as there was no issue of fact to try, no plea to the notes sued

on, and no traverse to the garnishee's answer, should have finally decided the case by ordering the judgment against the defendants to stand, and requiring the garnishee to bring in and deliver up to the superior court the notes, to be placed in the hands of the sheriff, and then proceed with their sale as directed in section 3305 of the Code, under such order as the court should make. Thus the garnishee will be relieved of liability, and the plaintiffs will make their money out of these notes, unless their proceeds should be claimed by some prior and superior lien than that acquired by the garnishment.

Judgment reversed.