21203.   BRYANT v. BRYANT.

SUBMITTED MARCH 14, 1961—DECIDED APRIL 6, 1961.

*Hallie B. Bell, T. Coleman Bloodworth*, for plaintiff in error.
*Carl E. Westmoreland, Floyd B. Chaite*, contra.

HEAD, Presiding Justice. George Bryant brought a petition in equity in Bibb Superior Court against Earl Lee Cotton Bryant. The petition as amended was in two counts. In the first count it was alleged: The parties entered into a ceremonial marriage on September 2, 1956. At the time of the purported marriage, and unknown to the petitioner, the defendant was married to James Nathaniel Cotton. The defendant filed a petition for divorce against James Nathaniel Cotton in 1949, but the petition was dismissed on March 21, 1955, for want of prosecution. The petitioner, upon discovering the fact of the prior marriage of the defendant, separated from her and has not lived with her since that time. There were no children born or to be born of the purported marriage.

Count 2 incorporated the allegations of count 1 as to the purported marriage of the parties, and the prior existing marriage of the defendant, and alleged further: At the time of the purported marriage, the petitioner was the owner of property in Bibb County. After the purported marriage, he placed a one-half interest in the property in the name of the defendant, the only consideration being love and affection. The defendant obtained the one-half interest through fraud and misrepresentation, since at the time of the conveyance she actively misrepresented her true marital status to him, and it was because he had been led to believe that she was his lawful wife that she obtained the one-half interest in the property.

The prayers were: that a decree of annulment be granted, declaring the purported marriage between the parties null and void; that the deed be declared absolutely null and void, and the full interest be vested in the petitioner; and for further relief. The general and special demurrers of the defendant were overruled, and the exception is to this judgment. The parties will be referred to as they appeared in the trial court.

■ Section 1 of the Annulment Statute (Ga. L. 1952, p. 149; *Code Ann. Supp.* § 53-601), provides: "Annulment of marriages now or hereafter declared void by law may be granted by the superior court judges of this State, except that annulments may not be granted in instances where children are born or to be born as a result of the marriage." The case on which the petitioner relies, *Gearllach v. Odom*, 200 Ga. 350 (37 S. E. 2d 184), was decided prior to the enactment of the Annulment Statute, but some of the rulings in that case are applicable to the present case. It was there held: "A previous undissolved marriage of one of the parties to a marriage ceremony renders such party incapable of making a marriage contract. A marriage ceremony involving such a party is void." See also *Code* §§ 53-102 (1), 53-104; *Pickren v. Pickren*, 190 Ga. 609, 610 (10 S. E. 2d 40); *Barnett v. Barnett*, 191 Ga. 501 (13 S. E. 2d 19); *Graves v. Carter*, 207 Ga. 308, 309 (61 S. E. 2d 282); *Ray v. Dooley*, 208 Ga. 811, 813 (69 S. E. 2d 766). Count 1 of the petition stated a cause of action under the Annulment Statute. A petition brought in equity will not be dismissed on general demurrer if it sets forth a legal cause of action. *South Carolina & Georgia R. Co. v. Augusta Southern R. Co.*, 111 Ga. 420 (36 S. E. 593); *Downey v. Byrd*, 171 Ga. 532 (4) (156 S. E. 259, 72 A.L.R. 345); *Grant v. Hart*, 192 Ga. 153 (14 S. E. 2d 860).

■ In *Collins v. Collins*, 165 Ga. 198 (3) (140 S. E. 501), it was held: "A married woman who marries another man, knowing that her husband is still living, and when the marriage has not been dissolved by divorce, perpetrates a fraud upon the man whom she so marries and who is ignorant of her existing marriage, without disclosing to him her existing marriage." An examination of the record in the *Collins* case reveals that the petition in that case sought the annulment of a void marriage and

the restoration to the petitioner of property deeded to the defendant under an alimony agreement, which was entered into by the petitioner prior to his discovery of the fact that his ceremonial marriage with the defendant was void.

The fraud perpetrated by a woman in marrying at a time when she knows that she has a living husband from whom she has not been divorced, such fact being unknown to the man whom she purports to marry, needs no amplification as to the statements made by her in regard to her marital status. The fact of entering into the ceremony without disclosing her true marital status is a fraud on her purported husband, who is ignorant of such status. The petition in the present case was sufficient to state a cause of action in equity for the cancellation of the deed by the petitioner to the defendant.

By special demurrers the defendant asserted that the petition attempts to join two separate and distinct causes of action, in one count a cause of action for annulment, and in the other a cause of action to obtain title to land. The petition was brought in Bibb County, the alleged residence of the defendant, and the county in which the land is located. A party may seek both legal and equitable relief in the same action. *Mims v. Lifsey*, 192 Ga. 366 (15 S. E. 2d 440); *Davis v. Wright*, 194 Ga. 1, 5 (21 S. E. 2d 88). It is permissible to join separate and distinct causes of action in the same suit by separate counts, provided the causes be of a similar nature. *Cooper v. Portner Brewing Co.*, 112 Ga. 894 (38 S. E. 91); *Spence v. Erwin*, 200 Ga. 672 (2) (38 S. E. 2d 394). The basis for the cause of action in each count of the petition is the void marriage of the parties. The petition was not subject to the special demurrers.

*Judgment affirmed. All the Justices concur.*