27325, 27326.   KILGORE v. BUICE et al. (two cases).

GUNTER, Justice. These cases involved a contest between judgment creditors and the transferee-holder of a promissory note and security deed, both made in favor of the judgment debtor, which were transferred by the judgment debtor after judgments were obtained against him by the judgment creditors.

To bring this dispute into proper focus it is first necessary to relate the sequence of events that brought it about.

Those events were as follows: On March 20, 1965, J. O. Coogler executed and delivered to M. M. Buice a promissory note and a security deed securing the payment of the note. Mr. Buice did not record the security deed. On July 15, 1968, Mr. & Mrs. Kilgore obtained verdicts against M. M. Buice in court actions. On July 25, 1968, judgments were entered on the verdicts, and on the same date executions were issued and entered on the general execution docket in Clayton County. On September 8, 1968, Coogler's promissory note and security deed in favor of Buice were transferred for value by Buice to E. S.

Kemp. The security deed was then filed for record in Clayton County on September 10, 1968, and recorded September 13, 1968. On November 18, 1968, M. M. Buice filed a voluntary petition in bankruptcy. On May 20, 1969, Mr. and Mrs. Kilgore, the judgment creditors, brought actions against Coogler, Buice, Kemp, and Buice's trustee in bankruptcy seeking to establish their priority of interest, by reason of their judgments and recorded executions, in the promissory note and security deed then held by Kemp as a transferee for value.

On the basis of these undisputed facts the trial judge entered summary judgment for Kemp, his reasoning being that the recorded executions against Buice did not establish liens against the promissory note and security deed held by Buice; and Buice's subsequent transfer of the promissory note and security deed to Kemp for value was therefore unaffected by the recorded executions.

The Kilgores have appealed, contending that their recorded executions gave them priority against the promissory note and the security deed for the satisfaction of their judgments obtained against Buice.

Our *Code* § 110-509 provides that a judgment has no lien upon promissory notes in the hands of the defendant.

Our *Code* § 110-507 provides that all judgments obtained in this State shall bind all the property of the defendant, both real and personal, from the date of such judgment, except as otherwise provided in this Code.

Our *Code Ann.* § 39-701 provides that as against third parties acting in good faith and without notice a judgment shall not have a lien upon the property of the defendant, unless the execution issued on the judgment shall be entered on the general execution docket. It further provides that when the execution shall be entered upon the docket, the lien shall date from such entry.

Our *Code* § 39-113 provides that choses in action are not liable to be seized and sold under execution, unless made so specially by statute. No statute has been brought to

our attention which says that a chose in action can be seized and sold under execution.

Apparently it was this last statute that was determinative for the trial judge. He considered the promissory note to be a chose in action, not subject to seizure and sale under execution, and it therefore passed to the transferee unaffected by the recorded executions, he also reasoned that the note controlled the security deed (the security deed being of no value or benefit unless the note or debt was due), and its transfer was likewise unaffected by the recorded executions.

We would agree with the trial judge that a promissory note standing alone is a chose in action. In the sense here used, a chose in action is a right to recover a debt through an action in court. Therefore, a promissory note standing alone is a chose in action, and the proper way to get at a chose in action is by garnishment. See *Greenwood v. Greenwood,* 178 Ga. 605, 610 (173 SE 858).

However, there is a difference between a promissory note standing alone and a promissory note executed and delivered contemporaneously with a deed to secure debt. Though they are two separate instruments, the note and the security deed constitute one transaction, and the two together are not a chose in action. Why? Because the debt evidenced by the note can be collected without going to court. To collect the debt it is only necessary to exercise the power of sale contained in the security deed.

We therefore hold that a promissory note secured by a security deed is not a chose in action in the sense that it is not subject to seizure and sale under execution. In the case of *Duke v. Ayers,* 163 Ga. 444, 454 (136 SE 410) this court said: "If these deeds were instruments executed to secure a debt, they vested the legal title to these lands in Duke, subject to be defeated by payment of the debt. They vested in Duke legal estates which he could sell, assign, or convey to secure debt. The lands are subject to levy and sale under judgments against the vendee. The

purchaser at sheriff's sale would acquire the right to receive the money due on the secured debt. [Citations.]"

Also, in the case of *Richey v. First Nat. Bank of Commerce*, 180 Ga. 751 (4) (180 SE 740) this court said: "The holder of a subsisting security deed has the legal title to the property, and such title may be levied on as his property to satisfy an execution against him. [Citations.]"

We hold that an indebtedness secured by a security deed is property that is subject to the lien of a properly recorded execution; and it can be seized and sold under execution.

However, it is elementary that when property is transferred to one for value, the transferee not having actual notice of any lien against the property, and no lien being recorded, he takes the property free of the lien. But under our recording statutes, if the lien is properly recorded so as to give constructive notice of its existence to all would-be transferees, then the transferee has notice of the lien, and the transferred property in his possession is subject to the lien.

An execution entered upon a judgment, but not recorded on the general execution docket, does not affect property of the judgment debtor transferred by him to a transferee for value, unless the latter had actual notice of the existence of the judgment procured against the judgment debtor. In such a situation the transferee would take the property unaffected by the lien of the judgment creditor.

In order for an execution to constitute constructive notice of a lien against property (transferred to a third party) of the judgment debtor, the execution must be properly recorded. *Code Ann.* § 39-701.

In 1968, when the executions in these cases were issued and recorded, Section 62 of the Civil Practice Act (*Code Ann.* § 81A-162) provided that no execution "shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry."

In these cases it will be noted that the judgments were entered, the executions issued, and the executions recorded all on the same day, July 25, 1968. The issuance and

recording of the executions on that date were plainly in violation of this provision of the Civil Practice Act.

Therefore, does the improper issuance and improper recording of executions on the General Execution Docket constitute constructive notice of the existence of the liens against the property to a transferee for value who has no actual notice of the existence of the liens?

We hold that since the executions could not be legally issued when they were issued and since they could not be legally recorded when they were recorded, the entering of them on the General Execution Docket under such circumstances did not constitute constructive notice to a transferee for value, E. S. Kemp in these cases.

It has long been the law in this State that the registry of a deed, not proved or acknowledged according to law, is not constructive notice to a subsequent purchaser. See *Herndon v. Kimball,* 7 Ga. 432 (50 AD 406). The logic behind such a rule is that a party relying on constructive notice has the burden of complying with all of the requirements necessary to give such notice, because such notice is for his benefit and to the detriment of innocent transferees.

In these cases there was no constructive notice of the existence of the liens created by the judgments, and E. S. Kemp took the promissory note and security deed free from and unaffected by those liens.

*Judgment affirmed. All the Justices concur.* SUBMITTED JULY 11, 1972—DECIDED SEPTEMBER 8, 1972.

*Stanley H. Nylen,* for appellants.

*Hutcheson, Kilpatrick, Watson, Crumbley & Brown, John L. Watson, Jr.,* for appellees.