## 32565. PARKS v. PARKS.

NICHOLS, Chief Justice.

This appeal is from a jury verdict in favor of the plaintiff which found that the defendant held in implied trust for the plaintiff certain real estate and that the title to the real estate was now in the plaintiff.

The plaintiff, James A. Parks, and the defendant, Doris Scott Parks, were married when the circumstances which gave rise to this action first came about. The evidence is undisputed that on August 31, 1956, Mr. Parks conveyed to his wife, Doris Parks, a one-half undivided interest in a tract of real estate in Wayne County and that on June 11, 1968 he executed a warranty deed which purports to convey to his wife his remaining one-half interest in the same real estate.

Plaintiff contends that the latter conveyance was made for the sole purpose of having the defendant hold title to his one-half interest, but to be reconveyed upon his request, that despite several requests by plaintiff, defendant has refused to reconvey the one-half interest and that due to these circumstances the one-half interest is impressed with a trust in favor of the plaintiff. Plaintiff

seeks a decree that defendant is holding title for his benefit in trust and must reconvey the one-half interest to him.

The defendant in her answer denies that the June 11, 1968 conveyance was for the sole purpose of having defendant hold title for plaintiff for reconveyance upon his request. More specifically, she alleges that the plaintiff conveyed her the property for the specific purpose of defrauding his creditors.

1. The defendant argues that the trial court erred in overruling her motions for directed verdict. The defendant moved for a directed verdict on the ground that the plaintiff had not alleged or proved any fraud in order to support his prayer that the real estate should be impressed with a constructive trust. In *Davis v. Davis,* 237 Ga. 448 (228 SE2d 838) (1976), this court unanimously held on facts almost identical to those in the case sub judice that inceptive fraud must be shown in order to establish a constructive trust, i.e., that the promise to reconvey, when made, was fraudulent. Further, Code Ann. § 81A-109 (b) provides that averments in the pleadings of fraud must be stated with particularity. The plaintiff neither alleged fraud in his complaint nor submitted evidence of fraud at trial; the defendant's motion for directed verdict was improperly overruled.

2. The remaining enumerations of error need not be considered.

*Judgment reversed. All the Justices concur, except Hall, J., who concurs in the judgment only.*

ARGUED SEPTEMBER 13, 1977 — DECIDED OCTOBER 21, 1977.

*Gibbs, Leaphart & Smith, J. Alvin Leaphart,* for appellant.

*Zorn & Royal, William A. Zorn,* for appellee.