## 34075. HARGRETT v. HARGRETT.

HILL, Justice.

This is an appeal by the wife in a divorce case. The judgment based upon the jury's verdict awarded the husband a divorce, denied the wife permanent alimony and declared three conveyances of property to the wife to be null and void.

The parties were married in October, 1960, and remarried in June, 1961, after they learned that the wife's divorce from an earlier marriage had not been final. Evidence was presented by both parties that their marital relationship was far from smooth and there were several periods of separation not material to the issues presented by this appeal. The couple has one minor child.

In December, 1961, two adjoining lots were conveyed by warranty deed to the parties jointly (the 1st deed in issue) and a residence was built on them the following year. In June, 1965, the husband conveyed his one-half undivided interest in these lots to his wife by warranty deed (the 2nd deed in issue). The conveyance recited a consideration of ten dollars and was subject to the existing mortgage.

A new home site was purchased in August, 1975, and the property was again conveyed to both parties jointly (the 3rd deed in issue). They lived in the new residence from December, 1976, until their separation in July,

1977.

The husband's complaint for divorce asserted that their marriage was irretrievably broken and reserved the right to set up further grounds. The husband sought to impress a trust upon the wife's interest in both residential properties and upon certain other personal properties. The wife answered, denied that the marriage was irretrievably broken and asserted a counterclaim for divorce on the ground of cruel treatment. She sought permanent alimony and child support.

By amendment to his complaint, the husband added the grounds of adultery and cruel treatment. He further sought to be awarded certain personal properties and to have declared null and void the three conveyances of property to his wife (claimed in the original complaint under an implied trust theory) on the ground of adulterous conduct by the wife.

At trial, the husband presented evidence as to the wife's conduct with other men including adultery allegedly committed with three different men in the late summer of 1961, in 1966 or 1967, and in June of 1976. The husband testified that he had placed the properties in his wife's name at her urging and that he had been unaware of her adulterous conduct. It was not disputed by the wife that the properties now in question were purchased with the husband's earnings.

The trial court granted a directed verdict to the wife on the implied trust count but submitted to the jury the separate count seeking to void gifts of property as a result of the wife's adulterous conduct.

The jury awarded the husband the divorce, denied the wife alimony and declared the three deeds to the wife described above to be null and void.[1] She appeals.

1. The wife enumerates as error the admission of testimony as to her alleged adultery. Citing the 1977

---

[1]The trial court directed a verdict as to other specific properties not in issue in this appeal. The jury's verdict also denied the husband's claim to the wife's one-half interest in a $14,000 certificate of deposit. Custody of the child was awarded to the husband.

amendment to Code § 30-201, Ga. L. 1977, pp. 1253, 1256, the wife reasons that because the husband testified that he was unaware of this specific conduct until after the separation, the conduct itself could not have been the factual cause of that separation.

We deal here solely with the question of the admissibility of evidence as to the defendant's adultery. We do not deal here with the effect, if any, of such conduct upon the question of alimony. For reasons which appear below, we do not construe the 1977 amendment to Code § 30-201.

In 1973 when the General Assembly added "irretrievably broken" as ground for divorce, it did not repeal the already existing grounds, Ga. L. 1973, p. 557, one of which was adultery by either party after the marriage, Code § 30-102 (6). Adultery during the marriage is ground for divorce by the other spouse, of whatever gender. In order for adultery to be a viable ground for divorce, evidence thereof must continue to be admissible.

Here no divorce decree was entered prior to trial. The plaintiff sought divorce on ground of adultery, among other grounds, and evidence to prove that ground was admissible at trial. The fact that plaintiff did not know of the adultery until after the separation did not prevent plaintiff from seeking a divorce based on adultery after learning of it. *Newton v. Newton,* 196 Ga. 522 (27 SE2d 31) (1943). The trial court did not err in admitting the testimony as to adultery.

2. We agree with the wife that the setting aside of the three deeds of property must be reversed.

Under existing law, a husband is not entitled to an award of alimony from the wife. *Lowry v. Lowry,* 238 Ga. 593 (234 SE2d 509) (1977). However, there are at least three theories by which a husband in a divorce action may divest the wife of her interest in property without the necessity of showing an express written trust.

*Resulting trust:* Where the husband purchases property with his funds but causes it to be placed in his wife's name, it is presumed to be a gift, but that presumption may be rebutted where a resulting trust is shown. Code Ann. §§ 108-116, 108-106 (1) (3), 108-110;

*Williams v. Thomas,* 200 Ga. 767 (38 SE2d 603) (1946); *Scales v. Scales,* 235 Ga. 509 (220 SE2d 267) (1975). The jury award in this case cannot be sustained as a resulting trust.

*Inceptive fraud*[2]: Where a promise of the wife was the consideration inducing execution of a deed, and such promise was fraudulently made with intent not to comply, such deed may be set aside for inceptive fraud. *Pavlovski v. Klassing,* 134 Ga. 704 (2, 3) (68 SE 511) (1910). Cf. *Dye v. Dye,* 231 Ga. 533 (202 SE2d 418) (1973); Code Ann. §§ 108-106 (2), 108-107. Where a woman marries a man, knowing that she has a living husband to whom she is married, such fact being unknown to the second husband, she perpetrates such fraud as will authorize cancellation of a deed to her made upon love and affection by her purported husband. *Bryant v. Bryant,* 216 Ga. 762 (2) (119 SE2d 573) (1961).

*Partitioning of jointly held property:* Property, the title to which is owned jointly (e.g., realty which the parties hold as tenants-in-common), may be partitioned in a divorce action by the court as in an equitable proceeding. *Gorman v. Gorman,* 239 Ga. 312 (236 SE2d 652) (1977); *Holloway v. Holloway,* 233 Ga. 631 (212 SE2d 809) (1975); *McLane v. McLane,* 224 Ga. 748 (164 SE2d 821) (1968); *Acker v. Acker,* 240 Ga. 592 (242 SE2d 107) (1978); *Morris v. Morris,* 242 Ga. 591 (1978); Code Ann. § 85-1501.

The husband argues that the deeds to his wife were subject to being set aside upon two other theories, (a) property settlement or division, and (b) adultery. "Property settlement" and "property division" are terms used to refer to the determination of who owns property when its title is disputed and to the partitioning of jointly owned property. *McLane v. McLane,* supra; *Crawford v. Schelver,* 226 Ga. 105 (172 SE2d 686) (1970); *Holloway v. Holloway,* supra. They do not create a means for awarding a husband property the title to which is in the wife. The trial court directed a verdict as to the husband's general

---

[2]Also known as "constructive trust." *Parks v. Parks,* 240 Ga. 1 (239 SE2d 334) (1977).

claim of implied trust and that ruling was not error.

Citing *Evans v. Evans,* 118 Ga. 890 (45 SE 612) (1903), the husband also argues that a gift requested by the wife from her husband may be set aside where it is shown that she had been guilty of adultery unknown to him. In *Evans v. Evans,* supra, the wife importuned her husband to make gifts to her of real property paid for by him and a sum of money earned by him and deposited in her name. It was alleged that the gifts were made to her to avoid the expenses of administration of the husband's estate and that she was to leave them to him by will in the event she died first. There was evidence that unknown to the husband, the wife had been guilty of adultery over a period of time and that shortly before she eloped with her paramour she withdrew the money on deposit and listed the real property with a real estate agent much below its true value. This court affirmed the grant of a temporary injunction restraining the wife from disposing of the property. The opinion does not affirm a decree canceling the deeds but does forecast that where a wife guilty of adultery unknown to her husband importunes him to make a gift of property to her in contemplation of her renewed adultery and possible elopement, the gift will be revoked as a fraud upon the husband. 118 Ga. at 893-895. *Evans v. Evans,* supra, does not constitute a fourth basis by which a husband may divest his wife of title to property but is a specific application of the inceptive fraud rule referred to above.

The trial court charged the jury that where the husband is ignorant of the fact that his wife had already committed adultery, and in compliance with her request, makes a gift of real or personal property, the gift to the wife may be revoked at the insistence of the husband and title to said property may be returned to him at his request on the discovery of the wife's previous adultery. This instruction was not an adequate statement of the law of inceptive fraud. It contained no instruction as to the necessity of showing fraud. The trial court erred in its instructions to the jury as to the husband's right to revoke his gifts based on his wife's adultery.

3. We have reviewed the remaining enumerations and find no reversible error.

*Judgment reversed. All the Justices concur except Nichols, C. J., and Hall, J., who concur in the judgment only, and Jordan, J., who dissents as to Division 2 and the judgment.*

ARGUED OCTOBER 10, 1978 — DECIDED NOVEMBER 22, 1978 — REHEARING DENIED DECEMBER 19, 1978.

*Groover & Childs, Denmark Groover, Jr., Michael W. Broadbear, W. Baer Endictor,* for appellant.
*Richard Phillips, Glenn Thomas, Sr.,* for appellee.