58319. BAILEY et al. v. POLOTE.

McMURRAY, Presiding Judge.

A check was drawn on Carver State Bank, Savannah, Georgia, dated "3/15/76" to pay $10,000 from the account of "Red, Black & Green Development, Ltd." to Benjamin Polote for "Return of investment" and signed by Richard S. Rose, Jr. It was returned marked "insufficient funds." Red, Black and Green, Ltd. was a limited partnership, with James A. Bailey, as the managing partner. Richard S. Rose, Jr. was authorized to sign certain checks drawn on the account at Carver State Bank and an admitted agent of the limited partnership.

After the check was returned for insufficient funds on May 12, 1976, Benjamin Polote sued Richard Rose, Jr., Drs. L. V. Resse, James A. Bailey, Drayton P. Graham, C. L. Johnson, and Red, Black & Green, Ltd., a limited partnership, seeking $10,000 due on the check which had been returned for insufficient funds. The defendants answered admitting jurisdiction but denying the claims

or that they are indebted to plaintiff. Defendant Graham also answered separately denying the claim and added defenses of failure of consideration, accord and satisfaction and waiver of the claim. He also filed a counterclaim seeking $10,000 as a result of plaintiff's negligent installation of a roof on defendants' property in Savannah, Georgia. A number of requests for admissions of matters and genuineness of documents were filed. Only defendant Graham answered the requests denying the check was genuine, but admitting Rose was authorized to sign certain checks, the check was returned for insufficient funds but he denied that plaintiff paid $10,000 "to him" for the purpose of investing in the limited partnership. As the others did not answer, the requests were admitted as to them.

Plaintiff moved for summary judgment based upon the admissions. Defendants replied by affidavit of James A. Bailey, the managing partner, that the partnership had no agreement to pay plaintiff $10,000 or to return or refund to plaintiff any investment, and any check sent to him by Richard Rose, Jr. was sent in error and beyond the scope of his authority.

The motion was granted as to all defendants except defendant Graham and denied as to him. Defendants appeal. *Held:*

1. A check, executed and delivered, is a contract in writing by which the drawer contracts with the payee that the bank will pay to the payee therein the amount designated on presentation. Code Ann. § 109A-3—104 (Ga. L. 1962, pp. 156, 239); *Haynes v. Wesley,* 112 Ga. 668 (2) (37 SE 990); *Mason v. Blayton,* 119 Ga. App. 203, 205 (166 SE2d 601).

2. Here the check is admitted by the defendants, who have appealed, to be genuine, delivered, and dishonored (insufficient funds) by the bank where the account was located, signed by Rose who was "authorized to sign certain checks" for the limited partnership of which each defendant is a member and who (Rose) "was or is the agent of the . . . limited partnership." It is also admitted that plaintiff paid defendants $10,000 "for the purpose of investing in the limited partnership" and the check in question "was a refund of . . . Polote's investment."

However, now in evidence is the sworn affidavit of the managing partner that the partnership had not agreed to pay plaintiff $10,000 or to return or refund his investment and any check purporting to be a refund "was sent in error and by Richard Rose, acting beyond the scope of his authority." This evidence supports the denial of the claim.

When the signature on the check was established and the instrument produced this would entitle the holder "to recover on it unless the defendant establishes a defense." See Code Ann. § 109A-3—307 (Ga. L. 1962, pp. 156, 256); *Gate City Furniture Co. v. Rumsey,* 115 Ga. App. 753 (1, 2) (156 SE2d 221).

These defendants have not specially pleaded affirmative defenses of failure of consideration and mistake as required by Code Ann. §§ 81A-108 (b) (c) and 81A-109 (b) (CPA §§ 8 and 9; Ga. L. 1966, pp. 609, 619, 620; 1967, pp. 226, 230; 1976, pp. 1047, 1048), but on motion for summary judgment they have offered evidence in support of such defenses of failure of consideration and mistake, thus creating issues of fact on motion for summary judgment. True, without any pleaded defenses on the trial of the case on proper objection they could be precluded from offering evidence in support of such affirmative defenses. But on summary judgment, genuine issues of material fact remain, and the moving party is not entitled to a judgment as a matter of law. See *Stalvey v. Osceola Indus., Inc.,* 124 Ga. App. 708 (185 SE2d 629); *State Farm &c. Ins. Co. v. Wendler,* 115 Ga. App. 452, 455-456 (154 SE2d 772). Compare *Joiner v. Mitchell County Hospital Auth.,* 125 Ga. App. 1, 4 (186 SE2d 307); *Pitillo v. Demetry,* 112 Ga. App. 643, 645 (145 SE2d 792); *Parks v. Parks,* 240 Ga. 1, 2 (239 SE2d 334).

The trial court erred in granting summary judgment in favor of the plaintiff.

*Judgment reversed. Banke and Underwood, JJ., concur.*

Submitted September 24, 1979 — Decided November 9, 1979.

*Bernard Parks,* for appellants.

*Clarence L. Martin,* for appellee.