## 61065. WATER PROCESSING COMPANY v. TOPOREK et al.

CARLEY, Judge.

Appellant-Water Processing Company obtained a money judgment against Southern Golf Builders, Inc. (Southern) in Florida. Thereafter, appellant filed an action to domesticate the Florida judgment in Georgia and an application for summons of garnishment against appellee-Toporek which alleged that "[appellee] will have in his possession and custody [the sum of $19,000] at the time of service . . ." The summons of garnishment was issued and personally served on appellee. Appellee filed his answer, denying possession of any property of Southern during the relevant times. A traverse of appellee's answer was then filed by appellant.

Final judgment was entered for appellant against Southern and appellee and appellant filed cross-motions for summary judgment as to the garnishment issue. The relevant facts were not disputed. Appellee, an attorney, had represented Southern as a claimant in a bankruptcy proceeding. In settlement of that claim the trustee in bankruptcy had issued a check in the amount of $19,000 payable to Southern. The check was mailed to Southern in care of appellee at appellee's office address. Appellee received the envelope containing the check shortly after he had been served with the summons of garnishment. Appellee held the envelope unopened until "several days later" when Southern's president claimed it. The envelope was opened in the presence of appellee and, when it was determined that neither appellee nor his firm was a payee on the instrument, Southern's president left appellee's office with it. Appellee's answer to the summons of garnishment and appellant's traverse thereof followed. On these facts the trial court in ruling on the motions for summary judgment concluded: "[Appellee] had physical possession of the check as an attorney at law. His possession was solely for delivery to [Southern]. [Appellee] had authority to receive a check from the bankruptcy trustee, but his authority ended there. [Appellee] at no time had control over the funds . . . The trustee had control of funds due [Southern] from a bankruptcy estate that was indebted to [Southern] . . . The money which was the object of the garnishment against [appellee] was in the hands of and under the control of the

trustee in bankruptcy. [Appellant] knew this before filing the garnishment with [appellee]. [Appellant's] failure cannot be rectified by a judgment against [appellee] . . ." Therefore, the trial court entered summary judgment in favor of appellee and denied summary judgment to appellant. Appellant appeals, enumerating as error the trial court's disposition of both motions.

1. "The issue formed on a traverse to an answer of a garnishee is whether or not the garnishee was indebted to or had assets of the defendant between the time of service of the summons of garnishment and the time of the answer by the garnishee." *Adair-Levert, Inc. v. Atlanta Envelope Co.,* 70 Ga. App. 685 (29 SE2d 323) (1944). It is readily seen that the trial court in the instant case resolved this issue formed on appellant's traverse by giving consideration only to the question of whether during the relevant time appellee was "indebted" to Southern. We believe that resolution of the issue requires consideration also be given to whether appellee had in his possession garnishable "assets" of Southern between the time of summons and answer.

Appellee contends that, in the hands of an attorney, no check payable to his client can be a garnishable asset reachable by a creditor of that client. As a general proposition, appellee's contention is without merit. "An attorney at law, who has money or other effects belonging to the defendant in his hands, is subject to be garnisheed." *Tucker v. Butts,* 6 Ga. 580 (1) (1849). A check made payable to the client of an attorney is a contract between the drawer of the instrument and the client as named payee. See *Bailey v. Polote,* 152 Ga. App. 255, 256 (1) (262 SE2d 551) (1979). " '[I]nclusion of the party as a . . . payee on the check gives him a right to possession of the check.' [Cit.]" *Thornton & Co. v. Gwinnett Bank & Trust Co.,* 151 Ga. App. 641, 643 (260 SE2d 765) (1979). "Personalty to which the owner has a right of possession future, or a right of immediate possession, wrongfully withheld, is termed by the law a chose in action." Code Ann. § 85-1801. "The terms 'choses in action' and 'debts' are used by courts to represent the same thing when viewed from opposite sides. The chose in action is the right of the creditor to be paid, while the debt is the obligation of the debtor to pay." 63 AmJur2d 312, Property, § 26. Thus, such a check would be a chose in action, see *Swann v. Morris,* 212 Ga. 460, 462 (93 SE2d 673) (1956), belonging to the client, representing both the debt owed to the client by the drawer and the client's concomitant right to receive in payment thereof the funds it represents. See *Underwood v. Underwood,* 43 Ga. App. 643, 644 (3) (159 SE 725) (1931). "[T]he proper way to get at a chose in action is by garnishment. [Cit.]" *Kilgore v. Buice,* 229 Ga. 445, 447 (192 SE2d 256) (1972). Therefore, as a general rule, if after service of the

summons of garnishment and before filing his answer, an attorney is in possession or control of a check made payable to his client, he is required to hold and deliver such evidence of debt belonging to his client to the court with his answer. "When the garnishee returns that he has in his hands, *notes,* bonds and other evidences of debt belonging to the absent debtor, the same are directed to be deposited with the Clerk; and after the plaintiff shall have established his demand, these *choses in action* thus surrendered, are not to be sold as other property, but turned over to the agent or attorney of the creditor, to be collected, and the proceeds, or so much thereof as shall be needed for that purpose, applied to the discharge of the plaintiff's debt." *McGehee v. Cherry,* 6 Ga. 550, 552 (1849).

The trial court's order also appears to be based upon an assumption that if an attorney were to tender such a check into court with his answer, it would be "a fruitless act since it could not [be] negotiated [by the plaintiff in garnishment] under Code § 109A-3—302." Pretermitting any discussion of the underlying "negotiability" of such a check in the hands of the plaintiff in garnishment, it cannot be denied that it is equally important to a plaintiff that the check be kept out of the hands of his debtor, who would be entitled to negotiate it. That the check *is* negotiable in the hands of the debtor is to the plaintiff in garnishment as important, if not more so, than the instrument's mere potential lack of negotiability in his own hands. If the check were tendered into court with the answer, the instrument would be beyond the power of the payee-debtor to obtain and dissipate the funds represented thereby. Thus, if the plaintiff were eventually awarded the check and if it were subsequently established that the funds represented by the check could not be collected by the plaintiff through "negotiation," the plaintiff could then institute garnishment proceedings against the drawer of the check on the underlying debt owed to payee-debtor, contending that the non-negotiated check had not discharged that obligation. See Code Ann. § 109A-3—801. Cf. *Watt-Harley-Holmes Hardware Co. v. Day,* 1 Ga. App. 646 (57 SE 1033) (1907). In this manner the plaintiff in garnishment could obtain in satisfaction of the debt owed to him by the defendant the amount represented by the check without ever having to "negotiate" the instrument in a commercial sense.

We thus conclude that the mere fact that the "asset" in the instant case was a check made payable to Southern is not decisive on the question of whether judgment was properly entered for appellee on appellant's traverse. Since the check is evidence of a debt owed the defendant by the drawer and, as discussed above, the plaintiff in garnishment might have to resort to instituting garnishment

proceedings against the drawer, we believe the decisive factor in determining if a check is a garnishable "asset" to be whether the plaintiff could reach the debt underlying the instrument by garnishment. Thus, if the drawer of the check is not amenable to the garnishment process or if the debt represented by the check is not otherwise subject to garnishment, the instrument itself would not be a garnishable asset. "Garnishment of the evidence [of a debt] or instrument will be ineffective where the obligor therein is exempt from garnishee process, or in any case where the thing garnished cannot be disposed of for plaintiff's benefit." 38 CJS 313, Garnishment, § 105. In short, a plaintiff cannot achieve indirectly by garnishing a check what he could not do directly by garnishing the debt underlying that instrument. Applying this standard in the instant case, we conclude that it was not error to enter judgment overruling appellant's traverse. The drawer of the check was a trustee in bankruptcy and the instrument contains the following stipulation: "Acceptance or deposit of this check constitutes satisfaction in full of the debts owed Payee and consent to the terms and conditions of the Plan of Arrangement confirmed by the Bankruptcy Court Order . . ." Thus the check was a contract between the trustee and Southern and represented funds ordered paid to Southern by a bankruptcy court. Appellant would not be entitled to reach this debt by garnishment. "[A] garnishment will not lie from a State court to a trustee or assignee in bankruptcy, to catch dividends which have been declared in favor of certain creditors or the amount which will be going to them under a composition. [Cits.]" *Cowart v. Caldwell Co.,* 134 Ga. 544, 549 (68 SE 500) (1910). Accordingly, the check which evidenced this debt was not subject to garnishment since garnishment would not lie against the "obligor" therein "to catch" the funds represented thereby. The check not being a *garnishable* asset of Southern, it was not error to overrule the appellant's traverse.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED MAY 11, 1981 —

*David H. Pope,* for appellant.
*Julian H. Toporek, Robert E. Falligant, Jr., Sanford Karesh,* for appellees.