## 37701. WATER PROCESSING COMPANY v. SOUTHERN GOLF BUILDERS, INC. et al.

JORDAN, Chief Justice.

The Court of Appeals held that a check which evidenced a debt was not subject to garnishment since a garnishment action would not lie against the drawer who was a trustee in bankruptcy. *Water Processing Co. v. Toporek,* 158 Ga. App. 502 (280 SE2d 901) (1981). We granted certiorari and reverse.

Water Processing Company held a money judgment against Southern Golf Builders, Inc. and served a garnishment action on the garnishee Toporek, an attorney who had represented Southern Golf Builders as a claimant in a bankruptcy action. The trustee in bankruptcy mailed a check for $19,000 payable to Southern Golf Builders to Toporek shortly after Toporek had been served with the summons of garnishment. Toporek held the check in the envelope for several days until the president of Southern Golf Builders came to his office, at which time the envelope was opened in the presence of Southern's president who then left Toporek's office with the check.

Thereafter Toporek filed his answer to the summons of garnishment alleging that he did not have any property of Southern's and Water Processing filed its traverse to that answer. The trial court entered summary judgment for Toporek. Water Processing appealed and the Court of Appeals first reversed, holding that the check was a garnishable asset. On rehearing, the Court of Appeals affirmed the judgment of the trial court, holding that a garnishment action will not lie from a state court against a trustee in bankruptcy to reach dividends and consequently Water Processing could not reach the debt underlying the check by a garnishment action.

First, as the Court of Appeals correctly stated, it should be noted that generally, as is the case here, "property" or money belonging to a client in the hands of an attorney is subject to garnishment. *Tucker v. Butts,* 6 Ga. 580 (1) (1849).

As to whether this check was subject to garnishment, Code Ann. § 46-301 (b) is controlling. It reads:

"(b) All *property, money* or *effects* of the defendant in the *possession* or control of the garnishee at the time of service of the summons of garnishment upon the garnishee or coming into the *possession* or control of the garnishee at any time from the date of service of the summons of garnishment upon the garnishee to the date of the garnishee's answer shall be subject to process of garnishment. . . ." (Emphasis supplied).

Accordingly, the two issues are whether the check constituted "property", or "effects" of Southern and whether Toporek had the check in his possession at or after the time of service of the summons of garnishment and before making his answer.

Clearly, Toporek had the check in his possession between the time of service of the summons and his answer. Therefore, the key issue is whether the check is a garnishable asset. The Court of Appeals correctly held that the check constituted a "chose in action," thereby making it fall within the term "property" as used in § 46-301 (b). "[T]he proper way to get at a chose in action is by garnishment. [Cit.]" *Kilgore v. Buice,* 229 Ga. 445, 447 (192 SE2d 256) (1972). See Great Western Finance Co. v. Hamilton Nat. Bank, 230 P 115 (1924) and Skalecki v. Frederick, 143 NW2d 520 (1966) for good discussion in cases reaching the same result.

However, the Court of Appeals added a qualification to whether a check is a garnishable asset by stating "the decisive factor in determining if a check is a garnishable asset [is] whether the plaintiff could reach the debt underlying the instrument."

We disagree with this condition as it is inconsistent with the clear language of the controlling statute, § 46-301 (b), which states that an asset is garnishable if it qualifies as "property," "money" or effects. A check meets these qualifications, and the courts should not further qualify the statute so as to narrow this creditor's remedy. Therefore we do not find it necessary to rule on the issue of whether the trustee in bankruptcy "might be" subject to garnishment in this case.

As the Court of Appeals stated, the check was "property" and was in the possession of Toporek at the applicable time. Therefore, the requirements of the statute had been met and Toporek should have delivered the property to court.

We reverse and remand for the entry of a judgment for Water

Processing Company.

*Judgment reversed. All the Justices concur, except Weltner, J., not participating.*

DECIDED DECEMBER 2, 1981 —
REHEARING DENIED DECEMBER 15, 1981.

*W. Pitts Carr, David H. Pope,* for appellant.

*Sanford Karesh, Julian H. Toporek, Robert E. Falligant,* for appellees.