66498. TOPOREK v. WATER PROCESSING COMPANY et al.

CARLEY, Judge.

This is not the first appearance of this garnishment case before us. In *Water Processing Co. v. Toporek,* 158 Ga. App. 502, 503-504 (280 SE2d 901) (1981), we originally held that, "as a general rule, if after service of the summons of garnishment and before filing his answer, an attorney is in possession or control of a check made payable to his client, he is required to hold and deliver such evidence of debt belonging to his client to the court with his answer." However, we also held that the client's check which had been in the possession of the attorney-garnishee Toporek was not a garnishable asset within the enunciated general rule because it had been drawn by a trustee in bankruptcy and represented funds ordered paid to Toporek's client by the bankruptcy court. " '(A) garnishment will not lie from a State court to a trustee or assignee in bankruptcy, to catch dividends which have been declared in favor of certain creditors or the amount which will be going to them under a composition. (Cits.)' [Cit.] Accordingly, the check which evidenced this debt was not subject to garnishment since garnishment would not lie against the 'obligor,' therein 'to catch' the funds represented thereby." *Water Processing Co. v. Toporek,* 158 Ga. App. at 505, supra.

On certiorari, the Supreme Court affirmed our holding that a client's check is generally a garnishable asset in the hands of his attorney. However, the Supreme Court concluded that our holding that the instant case did not come within the general rule was incorrect. "[T]he check was 'property' and was in the possession of Toporek at the applicable time. Therefore, the requirements of the statute had been met and Toporek should have delivered the property to court." *Water Processing Co. v. Southern Golf Builders,* 248 Ga. 597, 598 (285 SE2d 21) (1981). Accordingly, our original judgment was reversed and the case was remanded to the trial court for the entry of a judgment for Water Processing Company, the plaintiff in the garnishment. *Water Processing Co. v. Toporek,* 161 Ga. App. 229 (289 SE2d 826) (1982).

When the final remittitur of this court was returned to the trial court, a judgment on remittitur was entered by the trial court which contained the following relevant language: "[J]udgment is hereby

rendered for Plaintiff, WATER PROCESSING COMPANY and against Garnishee, JULIAN H. TOPOREK, for the property described as one Bank Draft dated July 2, 1979 payable to the order of Southern Golf Builders, Inc., in the amount of Nineteen Thousand and no/100 ($19,000.00) Dollars, drawn on the Trust Company Bank, Atlanta, Georgia on the account of W. Whittier Wright, Trustee, Trustee of St. Simons Properties, Check Number 186, and all cost of the garnishment proceeding. *The total amount due on this judgment shall not exceed $19,000.00 plus cost of Court. Execution shall issue on said judgment as provided by law.*" (Emphasis supplied.)

Based upon this judgment, Water Processing Company caused execution to issue in the principal sum of $19,000 and $32 as court costs. Water Processing Company also filed post-judgment interrogatories to be answered by Toporek. Thereafter, Toporek moved to quash the fi. fa. and execution. This motion was based upon Toporek's assertion that the judgment was only for "property" in the form of the check itself, whereas the execution was for money in the amount of $19,000. Toporek also refused to answer the post-judgment interrogatories, objecting that they were "irrelevant and immaterial," and filed a motion for a protective order.

Water Processing Company's response was to file a motion in the trial court to compel Toporek's answers to the post-judgment interrogatories. Water Processing Company also applied to this court for a writ of mandamus and prohibition against further action by the trial court on Toporek's motion to quash the fi. fa. and the execution entered on the judgment. This court took Water Processing Company's application for a writ of mandamus and prohibition under advisement and entered the following order: "[I]t appears to this court that in entering judgment on the remittitur from this court *the trial court correctly and properly entered judgment in favor of Water Processing Company in an amount which 'shall not exceed $19,000 plus cost of court'* and ordered that execution should issue on said judgment as provided by law. It further appears to this court that execution in the amount of $19,000 plus costs has issued on said judgment. Accordingly, on the record before this court, the judgment of this court has been made the judgment of the trial court, judgment has been entered in favor of Water Processing Company, and execution has issued thereon. Therefore, there is no basis for the issuance of a Writ of Mandamus at this time . . . [T]he State Court of Chatham County is directed to take such other and further action as may be necessary and consistent with the terms of this order." (Emphasis supplied.) Pursuant to this order, the trial court conducted a hearing on the various cross motions. Toporek's motion to quash the fi. fa. and execution was denied. His motion for a

protective order against the interrogatories was also denied and Water Processing Company's motion to compel answers thereto was granted. It is from these orders of the trial court that Toporek brings yet another appeal to this court.

1. Toporek continues to assert in this court that, under the facts of this case, Water Processing Company is entitled only to a "property" judgment for the check itself. Toporek also notes that the check is unfortunately beyond his power now to produce, since he had delivered it to his client who promptly negotiated it.

We do not deal with a garnishee who has properly answered all property into court. See *Hallett, Seaver & Burbank v. Blain & Harris,* 58 Ga. 142 (1877). We deal with a garnishee who had in his possession garnishable property of the defendant at the relevant times but who, in contravention of the requirements of the garnishment law, failed to answer it into court and who further, by allowing it to be negotiated by the defendant, has destroyed forever the value of the property to the party whom the law deems to be rightly entitled to it. Toporek's assertion that the garnishment law affords Water Processing Company no viable remedy under these circumstances is contrary to the fundamental intent of that law. "[T]he garnishment law is to prevent evasions and subterfuges . . ." *J. Austin Dillon Co. v. Edwards Shoe Stores,* 53 Ga. App. 437, 439 (186 SE 470) (1936). In point of fact, it has long been clear that the law provides Water Processing Company the very remedy afforded it by the trial court in the instant case, that remedy being a final judgment against Toporek in an amount equal to the value of the garnishable property that he wrongfully failed to answer into court and thereby allowed to escape the garnishment proceedings. See *Loyless v. Hodges Bros.,* 44 Ga. 647 (1872). Execution in the amount of $19,000, the face amount of the check, was proper. The trial court did not err in denying Toporek's motion to quash, in denying Toporek's motion for a protective order, or in granting Water Processing Company's motion to compel answers to the post-judgment interrogatories.

2. Water Processing Company has moved for an assessment of 10% damages pursuant to OCGA § 5-6-6 (Code Ann. § 6-1801). "The spectre of 'the law's delay' is difficult enough in ordinary circumstances, with all the courts and the bar doing their best to dispatch and dispose of legal controversies. When courts are used to evade judgments, especially when the effect is made on frivolous grounds, after full opportunity has been had for fair adjudication, we think this provision in the nature of a penalty is properly invoked." *Felker v. Johnson,* 189 Ga. 797, 806 (7 SE2d 668) (1940).

Although the imposition of damages pursuant to OCGA § 5-6-6 (Code Ann. § 6-1801) is infrequent, upon a careful consideration, we

find that the instant case warrants that action. Our review of Toporek's actions subsequent to the decision in *Water Processing Co. v. Southern Golf Builders,* 248 Ga. 597, supra, and leading up to and through his institution and prosecution of the instant case admit of no conclusion but that he had engaged in a frivolous attempt to evade the lawful judgment of the Supreme Court which was made the judgment of this court in *Water Processing Co. v. Toporek,* 161 Ga. App. 229, supra, and which was then made the judgment of the trial court. As noted above, when we denied Water Processing Company's motion for mandamus and prohibition, we did so on the basis that the trial court had "correctly and properly" entered a judgment for $19,000 in this case. This should have forestalled any further argument that Water Processing Company's fi. fa. and execution in that amount did not follow the lawful judgment in this case. Instead, Toporek continued to pursue his frivolous and evasive argument to a properly unsuccessful conclusion in the trial court. The instant appeal demonstrates the further continuance of frivolous and evasive action on his part which cannot be condoned. Accordingly, the motion for imposition of 10% damages in the amount of $1,900 is granted.

*Judgment affirmed with direction that 10% damages be awarded. Shulman, C. J., Quillian, P. J., Banke, Birdsong and Pope, JJ., concur. Deen, P. J., McMurray, P. J., and Sognier, J., dissent.*

DECIDED OCTOBER 25, 1983 —
REHEARING DENIED NOVEMBER 30, 1983.

*Robert E. Falligant, Jr.,* for appellant.
*W. Pitts Carr, Sanford R. Karesh, David H. Pope, Mark A. Kelley,* for appellees.

DEEN, Presiding Judge, dissenting.
While concurring fully with the opinion and Division 1, I must respectfully dissent from Division 2 with respect to imposition of ten percent damages. When this case was first before this court, we ruled that the check was not a garnishable asset. The State Supreme Court reversed this court, which indicates that at least the first two appeals were not frivolous.

Thereafter counsel for appellant has been zealous and persistent; however, "[t]he zeal of defendant's counsel for their client's cause may have outweighed their judgment, but we can not say merely because of their earnestness and persistence that the case was brought to this court for delay only." *Walden v. Barwick,* 72 Ga. App. 545, 548 (34 SE2d 552) (1945). "After a careful examination and

consideration of the record we can not say that we are satisfied that the appeal was for delay only." *Diamond v. Williams,* 75 Ga. App. 111, 112 (42 SE2d 382) (1947).

I am authorized to state that Presiding Judge McMurray and Judge Sognier concur in this dissent.